[Florence Cotton & Iron Co. v. Field.]

# Florence Cotton & Iron Co. v. Field.

*Action on a Contract.*

| 104 | 471 |
| --- | --- |
| 105 | 223 |
| 104 | 471 |
| 109 | 582 |
| 110 | 53 |
| 104 | 471 |
| 122 | 207 |
| 104 | 471 |
| 126 | 104 |

1. *Time within which appeal must be taken; computed from date of judgment on motion for new trial.*—A motion for a new trial, seasonably made, suspends the judgment, and it does not become final, for the purposes of an appeal, until said motion is disposed of; and the time within which an appeal from a judgment, after the rendition of which a motion for a new trial has been seasonably made, must be taken (Code, § 3619), begins to run from the date the trial court rules upon the motion for a new trial.

2. *Action on contract; inadmissible evidence.*—Where, in an action to recover a sum due as a salary for services under a contract, the plaintiff, as a precautionary measure, embodies in his complaint a count for work and labor done, but the count on which the case was tried was based on the contract by which the sum sued for was agreed to be paid plaintiff as a salary for his services, and the issue presented and maintained by plaintiff was only as to his right to recover under the alleged contract, evidence as to the amount of time required to perform the services he was employed to render is irrelevant and inadmissible.

3. *Same; same.*—Where; in a suit against a corporation to recover an amount alleged to be due plaintiff for his salary as an officer of defendant, the defense is, that the plaintiff released his claim against the defendant for his salary in consideration of the purchase by certain persons of stock in the corporation, evidence as to what price such persons paid for the stock purchased by them, what amount was still owing thereon, to whom they made payment, whether they assumed the payment of the corporate debts, what those debts were, and if they had been paid, is wholly irrelevant and inadmissible.

4. *Rulings upon evidence; error without injury.*—Where, in the refusal to allow a witness to testify as to the existence of a certain contract the court commits error, such error is cured by the subsequent introduction in evidence of said contract; and the former ruling then becomes error without injury.

5. *Evidence in rebuttal; allowing witness to repeat his former testimony within discretion of the court.*—In the examination of a witness in rebuttal, he should not be called upon to repeat the testimony given by him on his examination in chief; but the allowance of such repetitions lies within the sound discretion of the court.

6. *Charges as to burden and sufficiency of proof.*—In a civil case, charges which instruct the jury that "When the evidence leaves a disputed fact in doubt and uncertainty, the issue must be found against

[Florence Cotton & Iron Co. v. Field.]

the party on whom rests the burden of proof," and that "When the *onus* of proving a fact is on the defendant, if the proof adduced leaves it in a state of doubt or uncertainty, it can not be considered established," exact too high a measure of proof, are erroneous, and should be refused.

7. *Charge of court to jury; what constitutes a release from a contract.*—Where the issue in a case is as to whether plaintiff released his claim against the defendant for the salary sued for, charges which instruct the jury that "A mere promise by plaintiff to release all claims against the defendant for salary is what the law terms *nudum pactum*; that is, a promise without consideration; and is not binding, no matter how solemnly made, unless supported by a consideration," and that "A mere offer to release a valid claim is not binding unless accepted, and a valid consideration paid therefor," and if the jury believe the plaintiff merely offered to release his salary, which offer was not accepted or acted on, they must find for the plaintiff, are properly given.

8. *Argument of counsel to jury.*—Much latitude must be allowed to counsel in addressing the jury, but his argument should be confined to the evidence before them and the legitimate inferences to be drawn from such evidence, and when counsel transcends this limit, the court should interfere, on proper objection made, and take such action as will remove the prejudice and injury generated by such unauthorized argument.

9. *Same; when repressive power of court not sufficiently exercised.*—Where, in an action by a former officer of a corporation to recover an amount alleged to be due him by said corporation for his salary, the counsel for the plaintiff in his argument before the jury, in referring to the personnel of the defendant corporation, states, "They came down here, a number of rich northern capitalists, wanting to speculate on our property, and are now trying to rob an elegant, chivalrous, southern gentleman of his justly and hard-earned salary," such statement is wholly unauthorized and calculated to seriously prejudice and injure the defendant; and when, upon objection raised by the defendant's counsel, the court said to the attorney making the remark that it was improper, whereupon said attorney replied "Well, I withdraw the remark," without more being done, the court failed to sufficiently exercise its repressive powers to remove the prejudice and injury done the defendant. A verdict returned against the defendant in such case should be set aside, unless the court is clearly satisfied that the prejudice excited by the use of such language has been entirely removed from the minds of the jury.

APPEAL from the District Court of Lauderdale.
Tried before the Hon. W. P. CHITWOOD.
This was an action brought by the appellee, James H.

[Florence Cotton & Iron Co. v. Field.]

Field, on March 24, 1891, against the appellant, The Florence Cotton & Iron Company, a corporation organized under the laws of Alabama. In the first count of the complaint, the plaintiff claims $5,000 due under and by virtue of a contract made and entered into between him and the defendant on January 11, 1889, by which the defendant agreed to pay him, as its vice-president and general manager, $5,000 a year. The complaint also contained the common counts. The pleadings and the facts are sufficiently stated in the opinion. The court, at the request of the plaintiff, gave to the jury the following written charges, and to the giving of each of them the defendant separately excepted : (1.) ''I charge you, gentlemen of the jury, that it is a general principle, that when the evidence leaves a disputed fact in doubt and uncertainty, the issue must be found against the party on whom rests the burden of proof. Juries should rather weigh the testimony than count the witnesses, and should not render decision on a mere preponderance which fails to produce a proper conviction on their minds." (2.) ''When the *onus* of proving a fact is on the defendant, if the proof adduced leaves it in a state of doubt or uncertainty, it can not be considered established. In this case the *onus* is upon the defendant to establish the release set up, and if the proof which they have adduced of the release leaves it in a state of doubt and uncertainty, the release can not. be considered established." (3.) ''A mere promise by the plaintiff to release all claim against the defendant for salary is what the law terms '*nudum pactum*,' that is, a promise without consideration; and is not binding, no matter how solemnly made, unless supported by a consideration." (5.) ''The *onus* of proving the defense set up is on the defendant, The Florence Cotton & Iron Company, and if the proof they adduced leaves it in state of doubt and uncertainty, the defense can not be considered established." (9.) ''A mere offer to release a valid claim is not binding unless accepted, and a valuable consideration paid therefor, and if the jury believe from the evidence that the plaintiff merely offered to release his salary at the conversation alleged to have been held, October 24th, 1889, on condition that Messrs. Dornan, Stinson, Woll and Pollock would purchase or sell 3,000 shares of the capital stock of the defendant corporation, and that the said parties

did not accept said offer or make it a condition precedent on which they would purchase or sell said stock; they must find for the plaintiff.''

There were verdict and judgment for the plaintiff in the sum of $4,833. As stated in the opinion, there was a motion made by the defendant for a new trial. This motion was overruled, and the defendant duly excepted. This appeal is prosecuted by the defendant, and its first 29 assignments of error are based on the several rulings of the court on the evidence, and to the giving of the several charges requested by the plaintiff, to each of which rulings the defendant separately excepted. The 30th assignment of error is directed to the court's overruling the defendant's motion for a new trial. In this court, the appellee moved to strike out the first 29 assignments of error, relative to errors alleged to have been committed on the trial of the cause, on the ground that the appeal was not taken for more than 12 months after the judgment was rendered in the trial court. The facts pertaining to this motion are sufficiently stated in the opinion.

ROULHAC & NATHAN and R. T. SIMPSON, JR., for appellant.—The court did not render a final judgment in the cause until the motion for a new trial was passed upon ; and the time within which an appeal could be prosecuted from the judgment in said cause did not begin to run until the ruling on said motion.—2 Thompson on Trials, § 2730 ; *Brown v. Evans*, 18 Fed. Rep. 56 ; *Louisville C. Works v. Com.*, 8 Bush. 181 ; *N. Y. &c. R. R. Co. v. Doane*, 105 Ind. 92 ; 16 Amer. & Eng. Encyc. of Law, 638, § 7.

2. The rulings of the trial court upon the evidence were erroneous. The court should not have refused to allow the defendant's counsel to ask the plaintiff "If his duties required much of his time?'' The interrogatories propounded by the plaintiff on cross-examination of the witnesses Hudson, Pollock, Stinson, Woll and Dornan elicited evidence wholly irrelevant to any issue in the case.—7 Amer. & Eng. Encyc. of Law, 58 and note ; *Jackson v. Smith*, 7 Cow. 717 ; *Cutter v. Howe*, 122 Mass. 541 ; *Crews v. Threadgill*, 35 Ala. 341 ; *Mobile M. D. & I. Co. v. McMillan*, 31 Ala. 711 ; *Spiva v. Stapleton*, 38 Ala. 174 ; *King v. Mitchell*, 52 Ala. 557 ; *Wood v. Brewer*, 57

[Florence Cotton & Iron Co. v. Field.]

Ala. 515; *Flinn v. Barber*, 64 Ala. 193 ; *Singleton v. Thomas*, 73 Ala. 205 ; *Wharton v. Thomason*, 78 Ala. 48.

3. The action of the trial court in reference to the portion of the argument of plaintiffs' counsel before the jury was not sufficient to remove the injury done thereby. Thompson on Trials, §§ 960, 971, 974 ; *Wolffe v. Minnis*, 74 Ala. 386.

4. The first, second and fifth written charges, given by the court at the request of the plaintiff below, are manifestly incorrect, as exacting too high a measure of proof.—*A. G. S. R. R. Co. v. Hill*, 93 Ala. 526 ; *Harris v. Russell*, 93 Ala. 68 ; *Rowe v. Baber*, 93 Ala. 425.

5. The written charges numbered 3 and 9 given for plaintiff below, is clearly a misconception of the law. Even if Field had had a contract for his salary, he could release or waive the same without any consideration whatever.—*Cooper v. McIlwain*, 58 Ala. 296 ; *Burkham v. Mastin*, 54 Ala. 122 ; *Lea v. Cassen*, 61 Ala. 312 ; *Robinson v. Bullock*, 66 Ala. 548; *Badders v. Davis*, 88 Ala. 367.

EMMET O'NEAL and TOMPKINS & TROY, *contra.*—1. The motion made in this court to strike out the assignments of error should be sustained. The judgment was entered prior to the time that motion for a new trial was made, and the one year commences from the date of the rendition of the judgment, not from the date of the overruling of the motion for a new trial.—*Ala. Coal & Nav. Co. v. State*, 54 Ala. 36; *Lanier v. Russell*, 74 Ala. 364 ; *Bradford v. Bradley*, 37 Ala. 453 ; *Thomas v. Dumas*, 30 Ala. 83 ; *May v. Green*, 75 Ala. 162.

2. The motion for a new trial in the court below was properly overruled.—*Brown v. Peters*, 94 Ala. 459; *Cobb v. Malone*, 92 Ala. 630 ; *Patterson v. Jack*, 59 Iowa, 632 ; *Koepsel v. Allen*, 4 S. W. Rep. 856 ; 16 Amer. & Eng. Encyc. of Law, 641–5, 685.

HARALSON. J.—1. The record shows the judgment in this case was rendered on the 15th of January, 1892, and the appeal was taken on the 12th of April, 1893— more than twelve months after the date of the rendition. On the 23d of January, 1892, the defendant filed a written motion for a new trial in the cause, for the reasons therein stated, which motion, continued from time to time, was not acted on, until 21 April, 1892, when it was

overruled, before the adjournment of the term. It is provided by statute for appeals from judgments in cases of this kind, that they "must be taken within one year from the rendition of the judgment or decree."—Code, § 3619. Based on this statute, the appellee moves the court to strike out all the assignments of error found in the record in this cause, numbered from 1 to 29, both inclusive, relative to alleged errors committed by the court, on the trial thereof, upon the ground, that the judgment was rendered more than twelve months before the appeal was taken. In response to this motion, the appellant insists, that the motion for a new trial suspended the judgment, and it did not become final, for the purposes of an appeal, until the motion was overruled by the court below.

2. The general rule as stated by the text writers is, that "a pending motion for a new trial, seasonably filed, keeps the cause in the trial court, and, so long as it remains undisposed of, there can be no final judgment, within the meaning of the statutes regulating appeals."— 2 Thompson on Trials, § 2730; Hilliard on New Trials, 59; 16 Am. & Eng. Enc. of Law, 638, § 7. In *Walker v. Hale*, 16 Ala. 27, it was said, that "a court can not grant a new trial, after the term is closed, at which the cause was tried, unless a motion during the term be made, and for cause continued until the next term; but if the motion is made, the legal effect of it is to retain the matter, for that purpose, under the control of the court. The cause is said to be *in fieri* by reason of the motion; and the court may make any order afterwards that may be proper."—*Pratt v. Keils*, 28 Ala. 396.

Appeals and writs of error may be prosecuted or sued out in the federal courts within two years from the rendition of the judgment or decree (Rev. Stat., § 1008); and in this State, as we have seen, an appeal must be taken within one year from the rendition of the judgment or decree. The time for prosecuting an appeal in the federal courts, on a ruling of a court on a motion for a new trial in a cause, is not regulated by statute, nor have appeals from such rulings of the courts in this State been made a matter of statutory regulation. The rule as laid down by the Supreme Court of the United States on the question is, "that if a motion or a petition for a rehearing is made or presented in season and en-

tertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then, the judgment or decree does not take final effect for the purposes of the writ of error or appeal."—*Aspen M. & S. Co. v. Billings*, 150 U. S. 36; *Brackett v. Brackett*, 2 How. 238—9; *Texas P. R. Co. v. Murphy*, 111 U. S. 488; *Memphis v. Brown*, 94 U. S. 715.

In this case, the motion for a new trial was made at the same term at which the judgment was rendered, and within a few days thereafter was entertained by the court, and, after orders of continuance, was overruled at a subsequent day of the term. The appeal is not from the order overruling the motion for a new trial; but it is from the judgment alone, as is manifested by the security for the costs, the citation, and certificate of appeal. We are constrained to hold, on reason and authority, that for the purposes of the appeal, the judgment did not become final until the 21st day of April, 1892,—the date of the judgment of the court, overruling a motion for a new trial—and that the cause is properly here on appeal. The motion to strike from the record the assignments of error in the rulings of the court on the trial of the cause is overruled.

3. The plaintiff, on his cross-examination, was asked by the defendant: "Did the supervision at Florence require much of your time?" An objection to this question by the plaintiff was sustained. The defendant seeks to justify its asking on the ground, that the complaint contains a count for work and labor done by plaintiff for defendant, during the year 1889. But this count was was introduced by way of precaution. The count on which the case was tried was on a contract, made and entered into by and between the plaintiff and defendant on the 11th January, 1889, by which defendant agreed to pay plaintiff $5,000 *per annum* for his services as vice-president and general manager of the defendant company. The plaintiff had testified to his contract and to facts tending to show its breach by defendant, but had not testified to any facts tending to support the common counts, and under his own evidence he was entitled to recover on the contract, or not at all. It was to no purpose, therefore, to go into the question of how much or how little of his time he devoted to defendant's busi-

ness.   If the question was not objectionable on other grounds, it was irrelevant to the issue presented and maintained by plaintiff, and there was no error in not allowing it to be answered.

4.   The defendant, in its 2d plea sets up that, ''On account of the organization of this defendant company, defendant avers that after its organization on the 11th day of January, 1889, the officers thereof, including the plaintiff in this suit as general manager of this defendant, made efforts to sell or place 3,000 shares of the capital stock thereof, and after failing to do so elsewhere, finally offered to Jas. Pollock, Adolph Woll, Thos. D. Stinson and Robert Dornan the said sale or placing of said 3,000 shares of its capital stock, and that as an inducement and consideration for said persons buying and placing said stock, said plaintiff, who was the vice-president and general manager of this defendant, did, on or about 24th October, 1889, release to this defendant all his right to or compensation for salary as an officer of said company, for any services previously rendered by him as such, or thereafter to be rendered.   And defendant avers, that plaintiff rendered no services after said time as an officer of this defendant; and the said Dornan, Pollock, Stinson and Woll, on the faith and in consideration of said release, did buy and place 3,000 shares of stock aforesaid in the defendant company.''   The 3d plea sets up in substance the same defense.

There is no denial of the fact, that the plaintiff was elected the vice-president and general manager of the defendant company, on or about the 11 January, 1889, at an annual salary of $5,000; and the whole defense is, that for a valid consideration, as set up in said 2d plea, the plaintiff did, on or about the 24th of October, 1889, release all his claim for salary as an officer of the company, for services theretofore, or to be thereafter, rendered.   In order to prove the averments of this plea, the defendant filed interrogatories to W. A. Hudson, who was the president of the defendant company, and also to Pollock, Stinson, Woll and Dornan.   On the cross-examination of these witnesses, each was asked many very impertinent and irrelevant questions, to undertake to point out which, on objections raised by defendant, would consume much time and labor, and swell the report of this case to an undue and useless length.   For

[Florence Cotton & Iron Co. v. Field.]

the guidance of the court on another trial, it may be stated generally, that what price these parties paid for their stock, and how much they now owe thereon; to whom they made the payment; how much was paid to Hudson for making the sale, if anything; whether the purchasers agreed to assume and pay the debts and liabilities of the defendant, or not; what those debts were, and if they have been paid; what bonus said purchasers received for placing the stock; and the answers for the most part, to questions included in what is called the "addenda to cross-interrogatories to W. A. Hudson," are irrelevant evidence to the real issue in the cause. The exceptions to this evidence are quite general, the questions propounded numerous, and it is with much difficulty one can determine the validity of the exceptions raised, in this general way, to even very irrelevant evidence. The issue,—whether or not for a valid consideration, the plaintiff released his salary,—is a simple one, which has been greatly obscured on the trial, by the introduction of much irrelevant evidence, introduced especially on the part of the plaintiff.

5. The 5th assignment of error is without merit. If there was error in refusing to allow the defendant's witness to testify that there was such a contract as that inquired about, it was cured by the immediate introduction by defendant, without objection from plaintiff, of the contract itself.

6. The court allowed the plaintiff in his rebutting examination to repeat, that he had resigned his office as vice-president in December, 1889, and that of general manager, shortly thereafter. The only objection to this evidence was, that it was a repetition of what the witness had before stated. It is not well to allow useless repetitions by a witness, as they consume time, and encumber the record; but such matters must be left to the enlightened discretion of the court.

The other parts of said Field's examination, in which he was allowed to state why he resigned; his conversation with Hudson about his salary; that Hudson was a salaried officer and got his pay; and the letter of Hudson to Field, of date November 1, 1889; the statement that Hudson was in arrears to the company; that the salary of the secretary was paid; the conversation between Allen and plaintiff about the collection of his salary, and

the statement of said Allen, as a witness, that other creditors of the company had to threaten suit before they could get their claims paid, were all plainly irrelevant, and out not to have been admitted in evidence.

7. Charges 1, 2 and 5, at the request of the plaintiff, should not have been given.—*Harris v. Russell,* 93 Ala. 60; *Rowe v. Baber, Ib.* 422; *Ala. G. S. R. R. Co. v. Hill, Ib.* 516.

Charge No. 3 as requested by plaintiff was applicable to defendant's 2d and 3d pleas, and in effect instructed the jury that the defendant must make good the release there set up. The contract had been only partly performed, and money was due on it to plaintiff. For like reasons, charge 9 was free from error.— *Westmoreland v. Porter,* 75 Ala. 460; *Nesbitt v. McGee,* 26 Ala. 748. If the defendant apprehended the jury might have been misled, in anywise, by these charges, it was competent for it to have asked an explanatory charge.

8. One of the counsel for plaintiff, in his argument to the jury, in referring to parties composing the defendant corporation, used this language: "They came down here, a party of rich northern capitalists, wanting to speculate on our property, and are now trying to rob an elegant, chivalrous southern gentleman of his justly and hard earned salary." On objection raised by defendant's counsel, the court said the objection was sustained, and stated to counsel making the remark, that it was improper, whereupon the said counsel remarked, "Well, I withdraw the remark." There was no exception reserved by defendant, to this remark of counsel, nor to the action of the court upon it. Nor is it made the basis of a motion for a new trial. It is, however, assigned as error. We have referred to it, to state, that the remark was calculated to seriously prejudice and injure the defendant with the jury. The action of the court in excluding it, was very mild, and not a sufficient antidote to the poison that had been injected into the minds of the jury by the use of such language. Verdicts ought not to be won by such methods, and when an attorney, in the heat of debate, goes to such extraordinary lengths, generally, the court should promptly set aside any verdict that may be rendered for his client. The repressive powers of a court, to prevent such departures from legitimate argument of a cause before a jury, should be vigorously applied. No

mere statement, that it is out of order or improper, can meet the exigencies of the case. Nothing short of such action on the part of the court, and a clear satisfaction, that the prejudice naturally excited by the use of such language had been removed from the minds of the jury, ought ever to rescue a case from a new trial on motion of the party against whom rendered.—*Anderson v. State, ante*, p. 83.

Reversed and remanded.