# *Ex parte* Haynes.

## *Petition for Mandamus.*

1. *Practice in the city court of Bessemer; when judgment by default can not be rendered.*—Under the provision of section 8 and the act establishing the city court of Bessemer, a judgment by default cannot be rendered in favor of the plaintiff, when within thirty days after the service of the summons and complaint, the defendant in said cause files a demurrer to the complaint in said action; and the rendition of judgment by default under such circumstances, constitutes a reversible error.

2. *Same; when application to set aside judgment by default need not be accompanied by affidavit as to defendant having lawful defense.*—Where, within thirty days after the institution of a suit in the city court of Bessemer, the defendant demurs to the complaint and subsequently, without passing upon said demurrer, the court renders judgment by default, in making application to set aside such judgment by default, it is not necessary that such application should be accompanied by an affidavit of the defendant or his agent or attorney, to the effect that the affiant believes the defendant has a lawful defense to such suit; the rendition of judgment by default being a reversible error, which, under the statute creating said city court, made it unnecessary for such application to be accompanied by such affidavit, (Acts of 1900-1901, p. 1859, § 8).

[*Ex parte* Haynes.]

The petition in this case was originally filed in the Supreme Court by J. H. Haynes, and asked for a *mandamus* to be issued by the court directed to the Hon. B. C. Jones, Judge of the City Court of Bessemer, commanding him to vacate an order rendered by him, setting aside a judgment by default which had previously been rendered in favor of the petitioner.

Upon the filing of the petition, the respondent, B. C. Jones, filed his answer.

The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

PINKNEY SCOTT and S. P. CAIN, for petitioner.—It is not enough that the demurrers had been filed. Counsel should have been present to have insisted on the action of the court. The demurrers found in the file and not ruled on by the court, must be regarded as abandoned. *Elyton Land Co. v. Morgan & Co.*, 88 Ala. 434; *Lehman, Durr & Co. v. Hudmon*, 85 Ala. 135; *Schwarz v. Oppenheimer*, 90 Ala. 462; Acts, 1900-1901, p. 1859, § 8. See also *Ex parte Payne*, 130 Ala. 189; *State v. M. & G. R. R. Co.*, 108 Ala. 29.

JAMES WEATHERLY, *contra*.—The method of obtaining a judgment by default in the city court of Bessemer being prescribed by section 8 of the act creating the City Court of Bessemer, and the conditions upon which such judgment may be obtained being also prescribed therein, these conditions must exist, and the method of ascertaining the default must be followed strictly.—*Woolsey v. M. & C. R. R. Co.*, 28 Ala. 536-40.

The irregularity is raised here in the court below two days after the judgment was rendered, and the court below is asked to make the correction. Certainly the trial court has the power to control its own records by way of expunging erroneous entries made by the clerk, and having done so, and no other judgment having been rendered or asked for, certainly this court by *mandamus* will not compel the trial judge to restore the irregular judgment.

*Desribes· v. Wilmer,* 69 Ala. 25; *Rich v. Thornton,* 69 Ala. 473.

TYSON, J.—Petition for writ of *mandamus* to compel the vacating of an order setting aside a judgment by default entered by the respondent as judge of the city court of Bessemer. It appears by the record that the petitioner brought his action, by summon and complaint, against the Birmingham Mining & Contracting Company, a copy of which was served on an agent of defendant on the 20th day of August, 1903.

Nine days thereafter the defendant, by attorney, appeared and filed a demurrer to the complaint. On the 9th day of November following the judgment by default was rendered, which was set aside on the 14th day of the same month on the application of the defendant. The application to vacate the judgment by default was not accompanied by an affidavit by the defendant or his agent or attorney to the effect that in the belief of the affiant the defendant had a lawful defense to the action. And this want of the accompanying affidavit with the application is made the basis for the contention that the court was without jurisdiction to set aside the judgment and, therefore, entitles the petitioner to the writ of *mandamus* prayed for.

Section 8 of the act establishing this court (Acts, 1900-1, p. 1859) provides: "That in all cases commenced in said court by summons and complaint, the defendant shall be required·to appear and demur or plead to the complaint within thirty days after the service of the summons and complaint upon him, whether said service be made in term time or vacation; * * * * and in all cases at law, whether commenced by summons and complaint, attachment, or otherwise, *any defendant failing for more than thirty days* after service has been perfected upon him to *appear* and *demur* or plead, shall be held *in default* and any time thereafter judgment by default, on motion of the plaintiff, may be rendered against him: Provided, however, That the court may for good cause shown, allow such judgment *so* obtained by default to be set aside and *demurrer* or plea to it be filed on such

terms as the court may think just; but no application to set aside *such* judgment, unless it be for some reversible error committed in the rendition thereof, shall be entertained by the court, unless accompanied by an affidavit by the defendant or his agent or attorney to the effect that in the belief of the affiant the defendant has a lawful defense to such suit."

We have quoted these portions of the section at length and italicised some of its language in order that it may be seen by a mere reading of it that the court committed a reversible error in rendering the judgment by default.

It cannot be seriously doubted that this section regulates the method of obtaining a judgment by default, and such a judgment cannot be rendered when, as here, the defendant has appeared and demurred. It is only when a defendant has failed to appear and *demur* or *plead,* under the express language of the statute, that he can be held to be in default. Had the defendant appealed to this court from the judgment it would certainly have been reversed. This being true, it was wholly unnecessary that the application to set it aside should have been accompanied by an affidavit.

The cases of *Elyton Land Co. v. Morgan,* 88 Ala. 434; *Lehman, Durr & Co. v. Hudmon,* 85 Ala. 135, and *Schwartz v. Oppenheimer,* 90 Ala. 462, relied upon by petitioner to sustain the correctness of the judgment are not in point. There were no regulations and conditions prescribed by the statutes, as here, under which the judgments in those cases were upheld.

The writ of *mandamus* must be denied.