# State, *ex rel* Hamilton *v*. Kitchens.

*Quo Warranto to Determine Right to Office of District School Trustee.*

(Decideed May 31st, 1906.    41 So. Rep. 871.)

1. *Appeal; Final Judgment; New Trial; Motion; Effect.*—A motion for new trial, when seasonably made, suspends the judgment which does not become final for the purpose of limiting the time for appeals until the motion is disposed of.

2. *Judgment; Pleadings; Demurrers.*—The judgment entry recites that defendant demurred to the petition as amended, whereupon it was considered and adjudged by the court that the demurrers to the petition as amended be sustained. Held, to show a proper judgment sustaining demurrers.

3. *Quo Warranto; Appeal; Time of Taking.*—The motion for new trial in quo warranto was denied April 22. The clerk certifies that notice of appeal and security for costs were given on April 25. Held, to be within the time prescribed for appeals in quo warranto under § 3437 Code 1896.

4. *Same; Petition; Parties.*—The petition recites: "Your petitioner and relator, the State of Alabama, by the relation of H. respecifically represents, etc." Held, to show that petitioner was properly joined with the state as a party plaintiff as required by § 3426. Code 1896.

5. *Same; Officers to Which Applicable; School Trustees.*—Quo warranto is the proper remedy to test the right of one to hold the office of district trustee under the present school law, the said office being a public one.

APPEAL from Walker Circuit Court.

Heard before HON. A. H. ALSTON.

Quo Warranto by the state, on relation of H. W. Hamilton, against Calvin Kitchens. From a decree dismissing the petition, relator appeals.

The application was as follows: "Your petitioner and relator, the state of Alabama, on the relation of H. W. Hamilton, respectfully represents unto your honor that he is a householder and freeholder, and resides in school district 35, in Walker county, Alabama, and that on the 1st Saturday in July, 1904, an election was held in said school district of the qualified electors thereof, at which said election three school trustees for said district were regularly elected, to-wit, Frank Ellis, Robert Kilgore, and relator, as was by law provided. (2) That relator was regularly elected at said election as trustee, and has at all times since been ready to assume and discharge the duties of the office, but that he has been prevented from so doing by reason of the fact that Calvin Kitchens has usurped the functions of said office and still exercises the same without authority of law. (3) Your petitioner and relator showeth further that Lige Dutton received only one legal vote and five illegal votes at said election, and that petitioner received four legal votes, and that Lige Dutton was disqualified from holding said office, in that he was not a householder and freeholder of said school district ,and that Calvin Kitchens received one illegal vote at said election, and, further, that your petitioner received a majority of the legal votes cast at said election for Lige Dutton, Calvin Kitchens, and petitioner, and that Calvin Kitchens is disqualified from holding said office in that he is unable to read and write as the law requires. And that Calvin Kitchens has usurped all the duties and functions of said office and is acting, discharging the same, and enjoying the privileges thereof, regardless of petitioner's right. (4) That, notwithstanding relator was voted for and elected trustee as aforesaid, he having received more of the legal votes cast at said election than the said Lige Dutton, a vacancy was declared to exist by the then acting superintendent of education, R. D. Argo, and a second election was ordered by him to be held on the————day of————, 1904, by the qualified electors of said district, to fill the alleged vacancy caused by the

disqualification of said Dutton, and for the holding of which election there is no provision of law. At the second election Calvin Kitchens was chosen trustee, and has thereafter usurped and performed all the duties of such trustee, regardless of the fact that your relator has at all times since the first Saturday in July, 1904, been ready and willing to assume the duties himself, but that he has been illegally restrained from so doing as above set out." The prayer was that Calvin Kitchens show by what warrant or right he is exercising the function of school trustee of said school district, and that the said Calvin Kitchens be declared to be usurping the function of said office, and that he should be excluded from further exercising said duties, and that relator's rights to such trustee be established.

The respondent demurred to the petition on the following grounds: "(1) Said petition is filed in the name of the 'State of Alabama ex rel, H. W. Hamilton.' (2) Said petition is not in compliance with section 3426 of the Code of 1896. (3) Hamilton is not joined in said petition as relator or plaintiff. (4) Said petition is inconsistent and repugnant, in that it declares that both Hamilton and Dutton were elected to fill the office of school trustee. (5) It does not allege any acts committed by respondent showing that he has usurped any of the duties of the office. (6) Quo warranto is not the proper method of determining who was regularly elected to this office. (7) Relator has his remedy of contest to said election. (8) Petition shows that there was a vacancy in said office by the disqualification of Dutton, and that respondent was elected to fill same. (9) Petition shows that the proper remedy was mandamus, directed to the county superintendent, to issue credentials or commission to fill same to relator. (10) Because that a school trustee is not a public officer."

There was judgment sustaining demurrers, and the relator, declining to plead over, brings this appeal.

SHERRER & KOONER, for appellant.—The court having sustained the demurrer on the ground that a school trustee is not a public officer, the judgment can be referred to no other ground for support.—*Howle v. Edwards,* 11

So. Rep. 748. Hamilton is properly joined in this action. Every declaration in the petition discloses the fact that petitioner is the movant in the proceedings.—*Lucas v. Pittman,* 10 So. Rep. 603; *Tait v. Shackleford,* 24 Ala. 510. The amended petition is not subject to any of the demurrers interposed to.—*State ex rel. v. Price,* 50 Ala. 568; 17 Ency. of P. & P. 458. The question of non-joinder of relator is not properly raised.—*Gent v. Lynch,* 87 Am. Dec. 558; 68 Am. Dec. 360; 22 Am. Dec. 592. Under the acts of 1903, p. 289, a school trustee is a public officer.—*Montgomery v. Enslen,* 107 Ala. 372. Motion for a new trial suspends the judgment while the motion is pending and enlarges the time for an appeal. —*Florence Co. v. Fields,* 104 Ala. 479. The act providing no method of contest of an election for school trustees, quo warranto is the only remedy.—*Harris v. Elliott,* 117 Ala. 150; *Echols v. The State,* 56 Ala. 131. The judgment entry on the demurrer will support the appeal, as will the judgment entry dismissing the petition. —*Mercantile Co. v. O'Rear,* 20 So. Rep. 583; *McDonald v. Alabama Midland Ry. Co.,* 26 So. Rep. 165.

BANKHEAD & BANKHEAD, for appellee.—The bill of exceptions cannot be considered on the following authorities.—*Morris v. Bowman,* 103 Ala. 604; 81 Ala. 433; 99 Ala. 234. Bills of exceptions can only be used to bring up matters of evidence and matters in pais.— *Lienkauf v. Tuscaloosa,* 99 Ala. 619; 96 Ala. 536; 135 Ala. 325. Rulings on demurrer must be shown on the record.—47 Ala. 270; 52 Ala. 111; 53 Ala. 641; 91 Ala. 312; 101 Ala. 102; Ib. 111. As the judgment entry stands in the record it is not a final judgment.—128 Ala. 167; 112 Ala. 247; 126 Ala. 246; 123 Ala. 227. Grounds of demurrer, 1st, 2nd and 3rd were properly sustained. —§ 3426, Code 1896; *West End v. O'Leary,* 138 Ala. 295. The appeal was not taken in time.—*State ex rel. Roblee v. Bain,* 131 Ala. 176.

HARALSON, J.—The case, was heard and decided dismissing the petition, on March 18, 1905.

On March 24th, the relator made an application for a new trial, which was continued to be heard at an ad-

[State, ex rel. Hamilton v. Kitchens.]

journed term. On April 22, 1905, the motion for a new trial was heard and denied.

The Code provides that appeals may be taken in quo warranto proceedings, within ten days after judgment, on application to the clerk giving security for costs of the appeal.—Code 1896, § 3437.

A motion for a new trial or rehearing seasonably made, suspends the judgment, and it does not become final, for the purposes of an appeal, until the motion is disposed of.—*Florence Cotton Mill v. Field,* 104 Ala. 471, 16 South. 538. The date for computing the time within which the appeal could be taken, therefore, was the 22d of April, 1905, the date on which the motion for a new trial was denied.

The clerk of the court certifies that the petitioner did, on the 25th of April, 1905, pray for an appeal from said judgment, to the Supreme Court, which appeal was granted on his giving security for the costs of the appeal.

The record shows, that on the same day, petitioner executed an appeal bond in the sum of $25, which was approved by the clerk of the court. The appeal, therefore, was in time.

The judgment entry recites: "Defendant demurs to petition as amended. It is considered and adjudged by the court, the demurrers to the petition as amended be and the same are hereby sustained. Plaintiff declines to plead further. The same being considered by the court, it is the order and judgment of the court that the information be dismissed at the cost of petitioner," etc. This entry shows a proper judgment sustaining the demurrer.—*McDonald v. A. M. R. Co.,* 123 Ala. 229, 26 South. 165, and authorities there cited; *F. M. Co. v. W. R. of Ala.,* 128 Ala. 167, 29 South. 203.

Objection is raised, that H. W. Hamilton, was not joined as a party plaintiff. Section 3420 of the Code of 1896 provides for "an action in the name of the state (for usurpation of office or franchise) against the party offending: (1) When any persons usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of

this state." The petition in its opening sentence states: "Your petitioner (H. W. Hamilton) and relator, the State of Alabama by the relation of H. W. Hamilton, respectfully represents," etc. From this it sufficiently appears, that petitioner was joined with the state as a party plaintiff.—Code 1896, § 3426; *West End v. State,* 138 Ala. 295, 36 South. 423.

It is again insisted, and the court in its rulings on demurrer to petition so ruled, that the office of district trustee, under the act of September 30, 1903 (Gen. Acts 1903, p. 289) is not a public office. In *Montgomery v. State,* 107 Ala. 372, 18 South. 157, quoting from 2 Spelling on Extraordinary Relief, § 1780, it was said: "There are three principal tests for determining whether one performing duties of a public nature is a public officer in the sense of subjecting his incumbency or employment to a quo warranto proceeding: First, whether the sovereignty, either directly through legislative enactment or executive appointment, or indirectly, as through a municipal charter, is the source of authority; second, whether the duties pertaining to the position are of a public character,—that is, due to the community in its political capacity; and, third, whether the tenure is fixed and permanent for a definite period fixed by law." See, also, to same effect, Dillon on Municipal Corporations, § 58.

In this case, according to the act referred to, the duties prescribed for the trustees were of legislative creation; the duties were of a public character; the tenure of office was for a definite period, and the emolument or pay was regulated by law; and under these conditions we have no difficulty in declaring the office to be a public one.

The testing of defendant's title to the office of school trustee is the principal object of the proceeding. The said act makes no provision for contesting the election of school trustee, and if plaintiff is not entitled to this writ, he is without remedy to oust Calvin Kitchens, the alleged usurper of the office, who, as alleged, is disqualified to hold said office, in that he cannot read and write, and to which relator was regularly elected. If the facts stated in the petition are true, the office has been

[State, ex rel. Gamble v. Hubbard.]

usurped and relator defrauded of it, and under section 3429 of the Code of 1896, judgment may be rendered upon the right of the defendant, and also upon the right of the relator, as justice may require.

It was competent for the court, to issue a rule nisi, as prayed for, and on its return to try the case on the facts.

Our conclusion is, that the demurrer was improperly sustained to the amended petition, for which the judgment below must be reversed.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.