# Woodward Iron Company v. Brown.

## Damage for Injury to Servant.

(Decided June 16, 1910.  52 South. 829.)

1. *Judgment; Proceedings to Set Aside.*—Sections 4142-4145, embodied in chapter 85, article 7, code 1907, have reference to motions to set aside judgments for irregularity and do not refer to the ordinary motion for new trial.

2. *New Trial; Power of Court.*—Common law courts have inherent power to grant new trial if the application comes in time.

[Woodward Iron Company. v. Brown.]

3. *Same; Motion; Time.*—At common law judgment was not rendered until the motion for new trial has been disposed of, but the practice in Alabama is to enter the judgment upon the rendition of the verdict, and the unsuccessful party, has the duty, during the term of the court, to move for a new trial.

4. *Same; Effect.*—A motion for a new trial suspends the judgment until disposed of, and until then the judgment does not become effective for appeal.

5. *Same; Matters Reviewable.*—Where a new trial is granted only such errors as affected the granting of the motion can be considered on appeal.

6. *Same; Time to Appeal.*—A judgment granting a new trial is the final action of the court in the case and the appeal therefrom is governed by section 2868, code 1907, as amended, Acts 1909, S. S. p. 165, except where a different rule is prescribed.

7. *Same; Grounds; Error in Instruction.*—Where any of the instructions given are erroneous, the court cannot be placed in error for granting a new trial on account of such erroneous instruction; the court may in its discretion grant a new trial for the giving of a charge which should not have been given.

8. *Charge of Court; Directing Verdict.*—Where there are several counts based on different acts of negligence, a charge directing a finding for the defendant on one count is improper.

9. *Master and Servant; Injury to Third Person; Relation; Fellow Servant.*—Where a servant is under the management and control of an independent contractor, he is the servant of such contractor although paid by the third party, and such party is not liable for injuries to an employe of the contractor caused by the negligence of such servant.

10. *Same; Fellow Servant; Evidence.*—Where the action was for personal injury on a complaint alleging that plaintiff was in the employ of an independent contractor, and that the negligence of an employe of defendant caused the injury complained of, and the evidence showed that the negligent party was not the servant of the defendant as to the act causing the injury, but was a servant of the independent contractor, the defendant is not liable.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Walter Brown against the Woodward Iron Company. There was an order granting a new trial after judgment for defendant, and it appeals. Affirmed.

The following are the charges referred to in the opinion: "(A) If the jury believe from the evidence that the cause of the derailment of the first car was a collision between that car and another car following it, and that all of plaintiff's injuries were proximately

caused by the second car, and that the second car got loose and ran down on plaintiff as a result of the negligence of Lonnie Chamblee, they must find for the defendant. (B) If the jury believe the evidence, they cannot find for the plaintiff under the fifth count of the complaint. (C) If the jury believe from the evidence that the condition of the track in said heading at the place of the accident, which caused the wreck of the first tram car, was not such that the plaintiff was likely to suffer injury, or said condition of track was such that a reasonably prudent man would not have been called upon to put the track in a better state of repair, because of the fact that it was apparently in good condition, you must find for the defendant under the second count."

CHARLES A. CALHOUN, and CABANISS & BOWIE, for appellant. Although a servant or employe receive his wages from one person, if he be subject to the direction and control of another person in the performance of his work, he is considered to be the servant or employe of that person to whose direction and control he is subject.—*Merriwether v. Sayre M. & M. Co.*, 49 So. 916; *Dallas M. Co. v. Townes*, 148 Ala. 146; *Harris v. Mc-Namara*, 97 Ala. 181; *R. & F. v. Chastain*, 88 Ala. 593; 26 Cyc. 1285; 20 A. & E. Enc. of Law, 178. The giving of the charge which was merely misleading, is not good grounds for a new trial unless it clearly appears that the jury was misled by it to render a verdict that ought not to have been rendered.—2 Mayf. p. 572.

VASSAR L. ALLEN, and JAMES M. HANBY, for appellee. Chambliss was not a servant of an independent contractor.—*Standard Oil Co. v. Anderson*, 53 L. Ed. (U. S.) 480. The court may, at its discretion, grant a new

trial for the giving of a charge which should not have been given.—*M. & O. R. R. Co. v. George,* 94 Ala. 199; *Goldsmith v. McCafferty,* 101 Ala. 663.

SIMPSON, J.—The appellee makes a motion to dismiss this appeal, on the ground that it is not taken within the time prescribed by law. In the original case of *Walter Brown v. Woodward Iron Company* a verdict was rendered for the defendant on March 9, 1909; on a subsequent day of the term a motion was filed to "set aside the verdict and judgment" and to grant a new trial. This motion was regularly continued until June 12, 1909, when the verdict of the jury was set aside and a new trial was granted; and it is from this judgment that the appeal is taken.

The contention of the appellee is that, under section 4145 of the Code of 1907, this appeal should have been taken "within thirty days from the rendition of the judgment or order," and the appeal, as a matter of fact, was not taken until November 22, 1909. Said section is a part of article 7 of chapter 85 of the Code, the title of the chapter being "Executions and Judgments," and the title of the article, "Satisfying, Annulling, or Setting Aside of Judgments."

Section 4141 relates to "motion to enter satisfaction of judgment or decree"; section 4142, to "motion to set aside judgment or decree, or to set aside entry of satisfaction"; section 4143 provides that "no judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contained a substantial cause of action"; section 4144 provides that if the motion is not contested the costs shall be adjudged against the applicant, and if contested, against the unsuccessful party; and section 4145 provides that a bill of exceptions may be taken and an appeal must be in

30 days. It is evident that these sections do not refer to the ordinary motion for a new trial, but to motions which may be made for setting aside judgments, for irregularities, imperfections, etc. This is made more evident by the fact that section 4142 provides that notice of the motion must be served on the adverse party for 10 days, if he is within the state, or by advertisement for 3 weeks, if the party be out of the state, while notice of 1 day is sufficient on a motion for a new trial. —Rule 22, p. 1522, Code.

Common-law courts have inherent power to grant new trial, and at common law the judgment was not rendered until the motion for new trial was disposed of (29 Cyc. 722, 727), but the usage in our courts and others is to enter the judgment when the verdict is returned, and the party has during the term of the court to make the motion for a new trial. The effect of the motion is to suspend the judgment until the motion is disposed of, and if it is granted, it "wipes out the verdict; no judgment can be rendered on it."—Hilliard on New Trials, p. 59. Hence our courts hold that the judgment, having been suspended, does not become effective for appeal until the motion for a new trial is disposed of (*Florence C. & I. Co. v. Field,* 104 Ala. 471, 16 South. 538; *Barron v. Barron,* 122 Ala. 194, 25 South. 55; State ex rel. *Hamilton v. Kitchens,* 148 Ala. 385, 41 South. 871), but that, when the new trial is granted, only such errors as affect the granting of the motion can be considered.—*Karter v. Peck & Bro.,* 121 Ala. 636, 25 South. 1012; *Chambers v. Morris,* 144 Ala. 626, 39 South. 375. This necessarily follows, for if the verdict and judgment on it are wiped out there is no judgment in the case to appeal from, and the judgment on the motion for a new trial becomes the final action of the court in the case. This appeal is governed by

the statute in regard to appeals from final judgments. Section 2868 of the Code, as amended by Acts 1909, Sp. Sess. p. 165, also provides that all appeals under that chapter, except where a different rule is prescribed, must be taken within 12 months. The motion to dismiss the appeal is overruled. The application for a new trial was based entirely on the rulings of the court, which are claimed to be erroneous. If either of said charges was erroneous, the court cannot be placed in error for granting the new trial, but, if neither was erroneous, the new trial should not have been granted.

All of the counts of the complaint allege that the plaintiff was an employe of Smith Tally, or of Tally & Shores, independent contractors. The first, second, and third counts rest upon the breach of duty on the part of the defendant to provide a safe place for defendant to work, the defects claimed being in the track on which the car was running.

The fourth count claims that it was the duty of defendant's servants "to chock or block the car on said track," and that the injury was received as a proximate consequence "of the negligence of defendant's servant, a mule boy," who failed to chock or block the car, thereby "allowing or causing said car to run down, upon and against the plaintiff."

The fifth count claims that the injuries resulted from the negligence of defendant's servant, Lonnie Chamblee, who was in charge of a car, and who "negligently caused or allowed the said car to run down upon, or against the plaintiff." The plaintiff testified that the track at this place had been in bad condition for some time, on account of rotten cross-ties, the rails being of different sizes, and two rails having a surface bend at the end where "due to be spiked down"; that he had reported the matter; that they ceased work one day for

21—167

the repairs to be made and he heard them working there, but did not know whether the repairs had been made; that the cars had been derailed there several times; that just as he got to this part his car was "wrecked," and he, while standing on the bumper of his car, which was the first one (that is, the one farthest from the heading), was thrown to the ground, and the second car came on and cut off his leg; that, at the time of the wreck he could not see in front, but knew that two wheels were off the track because one of his legs was saved.   Dick Shores testified that he examined the track the morning after the accident; that his best recollection is "that it was the rear end of the first car, coming from the heading, and the front end of the second car" that were off the track; that the track was bad, not surfaced, and had surface kinks on the rails, but said afterward that he could not be positive just what wheels of the two cars were off the track, and again, that he did not know just how the cars were off the track.   Ed Brown (also witness for plaintiff) testified that as soon as he heard the noise of the wreck, he went to the place and found "the rear car straddle of the rail, and the front wheels of the front car off the rail the same way, and the rear end kicked up."   The testimony of defendant's witnesses was, in effect, that only the front wheels of the rear car, and the rear wheels of the front car, were off the track, the rear of the rear car being tilted up, and the cars locked together.   One of the plaintiff's witnesses had testified that he saw the cars when they started down the incline, that plaintiff's car moved down properly, but that the man in charge of the rear car let it get away from him and it proceeded rapidly down the track, towards the other car, which had preceded it.   Expert witnesses, on the part of defendant, testified that the accident was evidently caused by the

rear car coming violently in contact with the front car; that if a car is derailed by a rock on the track the front wheels would go off; if derailed by spreading rails the wheels would drop between the rails; and if derailed by collision from a car in the rear the rear wheels would be off the track.

The first ground stated in the motion for a new trial is that the court erred in giving the charge A. While there is evidence tending to show that Lonnie Chamblee was paid by the defendant, yet the evidence is without conflict that he was under the entire management, orders, and control of the independent contractors, which under the authorities, made him the servant of the independent contractors, and not of the defendant.—26 Cyc. p. 1285, and notes; *Dallas Mfg. Co. v. Townes,* 148 Ala. 146, 151, 152, 41 South. 988, and authorities cited. The case of *Standard Oil Company v. Anderson,* 212 U. S. 215, 29 Sup. Ct. 252, 53 L. Ed. 480, does not in the least militate against this position. In that case the stevedore was loading the vessel, but the hoisting and lowering were being done by the defendant, and, as the court said, "for reasons satisfactory to it, the defendant preferred to do the work of hoisting itself, and received an agreed compensation for it. The power, the winch, the drum, and the winchman, were its own. It did not furnish them, but furnished the work they did to the stevedore. That work was done by the defendant, for a price, as its own work, by and through its own instrumentalities and servant, under its own control." There was no error in giving charge A.

There was no error in giving charge B. The count itself alleges that the plaintiff was "in the employment of Smith Tally, an independent contractor," and charges the negligence to Lonnie Chamblee "in the employment of the defendant." Even if that were true,

said Lonnie Chamblee would not be a fellow servant of the plaintiff, but the evidence, as before stated, shows that said Chamblee was not the servant of the defendant in moving said car. Consequently there was no error in giving charge B.

The appellant claims that charge C was, in effect, a charge that the plaintiff could not recover under the second count. It is evident that, according to the defendant's testimony, the accident was not caused by any defect in the track, in which case the plaintiff could not recover, while the testimony for the plaintiff, though not clear and satisfactory, might afford an inference that the defect in the track brought about the wreck. The expressions in charge C are not the equivalent of stating that the track was in a reasonably safe condition, and, in addition, the charge requires a finding for the defendant on that count, which is improper where there are several counts. The charge is more than misleading. Consequently, said charge should not have been given, and the court, in the exercise of its discretion, was authorized to grant the new trial.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.