(93 South. 765)

## LIVERPOOL & LONDON & GLOBE INS. CO. v. LOWE et al.   (7 Div. 263.)

(Supreme Court of Alabama.   June 8, 1922.)

1. Appeal and error ⬅⚫⟶351(2)—Appeal taken when security filed and approved.

An appeal is taken within Gen. Acts 1915, p. 711, as amended by Gen. Acts 1919, p. 84, relating to time for appeal when sufficient surety for costs was lodged with the clerk and approved, and cause docketed within time prescribed.

2. Appeal and error ⬅⚫⟶345(1)—Proper motion for new trial, continued from time to time, affects time in which appeal may be taken.

The date from which the time for appeal may be reckoned, where motion for new trial is duly made, is the date of judgment on the motion; hence a proper motion for new trial, continued from time to time, affects the time in which an appeal may be taken.

3. New trial ⬅⚫⟶156—Special continuance of motion for new trial November 1 held sufficient to carry motion to date to be fixed in January term.

In view of Gen. Acts 1915, p. 707, providing that circuit courts shall be open for all purposes throughout the year, except during a week or two at the end of June and December, where motion for new trial was filed August 18, and continued to November 1, when the motion was continued to a date "to be fixed later by the court, on agreement" of the parties, the special continuance was sufficient to carry the motion to a date to be fixed in January for its hearing.

4. Appeal and error ⬅⚫⟶345(1)—Bill of exceptions filed too late to review judgment looked to only for matters relating to new trial.

Where bill of exceptions is filed after the time to review the judgment has expired, but within the time to review the motion for new trial, the bill will be looked to only as to matters relating to new trial.

5. Appeal and error ⬅⚫⟶980—Overruling motion for new trial after judgment for plaintiff held proper under facts.

Where the sole ground of motion for new trial was that defendant had a meritorious defense to the suit, and its failure to appear for trial was not from neglect, but was because of a misunderstanding as to date of trial, and the bill of exceptions recites that no evidence was offered in support of the motion of the defense, nor of the agreement misleading counsel as to date of trial, the trial court cannot be put in error in exercising discretion in overruling the motion.

6. Appearance ⬅⚫⟶9(4)—Demurrer to complaint was general appearance, authorizing calling of defendant to trial.

Where a count on an insurance policy was analogous to Code 1907, § 5382, form 13, and declared for the value of property which defendant insured against loss by fire for one year, and agreed to renew and continue the policy for another year, which agreement of renewal was alleged to have been breached by defendant by failure to issue renewal policy, and the insured property was destroyed by fire of which defendant had notice, and demanded a jury trial, a demurrer to the complaint, while not amounting to a plea to the merits, was a general appearance that would authorize calling of defendant at trial, and, on failure to answer, to take judgment or proceed to an execution of a writ or trial for the ascertainment of the fact and extent of liability.

7. Jury ⬅⚫⟶28(3)—Plaintiff, after demanding jury, cannot thereafter waive it without knowledge of defendant.

Where plaintiff had demanded a jury trial by indorsement on the complaint, which was served on defendant, by Gen. Acts 1915, p. 940, he could not thereafter waive a trial by jury without the knowledge or consent of defendant.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by O. M. Lowe and others against the Liverpool & London & Globe Insurance Company for breach of agreement to insure. From an order overruling a motion for a new trial after judgment for plaintiffs, defendant appeals. Affirmed.

Hugh Walker, of Anniston, for appellant.

A default judgment cannot be rendered, where the defendant has appeared and demurred. Acts 1915, p. 825; 140 Ala. 196, 37 South. 286. Judgment cannot be rendered against defendant as upon issue joined, where there was in fact no issue between the parties. Minor, 45; 200 Ala. 520, 76 South. 453.

Hugh Reed, of Centre, and Hugh White, of Montgomery, for appellees.

Appeal not having been taken within six months, defendant cannot assign error of judgment for plaintiff. 206 Ala. 330, 89 South. 473; 83 Ala. 404, 3 South. 800; 88 Ala. 434, 7 South. 249; 189 Ala. 258, 65 South. 993; 202 Ala. 330, 80 South. 412. Bill of exceptions cannot be considered, except for purposes of reviewing ruling on motion for new trial. Code 1907, §§ 3019, 3020; 200 Ala. 90, 75 South. 466; 166 Ala. 274, 51 South. 969; 206 Ala. 190, 89 South. 657; 193 Ala. 658, 69 South. 102; 202 Ala. 330, 80 South. 412.

THOMAS, J. The cause was submitted on motion and merits. The judgment rendered was of date of July 27th; the motion for new trial, of date of August 23d, was passed by order of the trial judge to November 1, 1920, and then continued to a date to be fixed. The date for counting the time within which an appeal may be taken, and that for reckoning the time in which a bill of exceptions may be presented to the judge presiding at the trial, should not be confused.

[1, 2] An appeal must be taken within the time and manner indicated by statute; the time prescribed for appeal from such a judgment as that rendered in instant case being "within six months from the rendition." Gen. Acts 1915, p. 711, as amended by Gen. Acts 1919, p. 84. The appeal was taken by lodging with the clerk of the court good and sufficient security for the costs thereof, which bond (containing limited conditions) was filed and approved by the clerk on February 5, 1921. 'Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363; Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241. The date from which the time for the appeal may be reckoned (where motion for new trial is duly made) is the date of the due and final rendition of judgment on such seasonable motion for a new trial. Hence a proper motion for a new trial, seasonably called to the attention of the court and continued from time to time as required by law, will affect the time in which an appeal may be taken. Wilder v. Bush, 201 Ala. 21, 23, 75 South. 143; Shipp v. Shelton, 193 Ala. 658, 662, 69 South. 102; Woodward Iron Co. v. Brown, 167 Ala. 316, 320, 52 South. 829; State, ex rel. Hamilton v. Kitchens, 148 Ala. 385, 389, 41 South. 871; Florence, etc., Co. v. Field, 104 Ala. 471, 476, 16 South. 538; Buck Creek L. Co. v. Nelson, 188 Ala. 243, 66 South. 476; Ex parte Mrs. A. M. Margart, 93 South. 505.[1] The time of taking the instant appeal was within six months from November 1, 1920, the date to which the motion was duly continued. Notwithstanding this fact, appellant limited the conditions of the appeal bond; the scope and legal effect of its appeal being only from the judgment overruling its motion for a new trial. This is an appeal, under the statute, from a judgment overruling appellant's motion for a new trial. Acts 1915, p. 722. Respective counsel have so treated the appeal. So considering same, we do not pass upon the ruling on demurrer to count 2, or the court's instruction to the jury.

[3] We come, then, to a consideration of appellee's motion to dismiss the amended motion, of date of January 26, 1921, on the ground that there was a discontinuance or departure from the original motion, preventing a consideration of that amendment. The record shows the original motion to have been filed on August 18, 1920, and duly continued by consent to November 1st, when the motion was continued to a date "to be fixed later by the court, on the agreement of counsel of the parties." It has been held that the general order of continuance is not efficacious as a due continuance of a motion for a new trial. Ex parte Mrs. A. M. Margart, 93 South. 505;[1] Hale v. Kinnaird, 200 Ala. 596, 76 South. 954; Mt. Vernon Woodbury Mills v. Judges, 200 Ala. 168, 75 South. 916; Shipp v. Shelton, supra; Ashford v. McKee, 183 Ala. 620, 62 South. 879; Sou. Ry. Co. v. Jones, 143 Ala. 328, 39 South. 118; Ex parte Highland Ave. & Belt R. Co., 105 Ala. 221, 17 South. 182. The circuit courts of the several counties of the state are open for the transaction of business from the first Monday in January to and including the last Saturday of June of every year, and from the first Monday after the 4th of July to and including the last Saturday before Christmas Day of every year. Gen. Acts 1915, p. 707, § 1; Clio Banking Co. v. Brock, 204 Ala. 57, 85 South. 297; Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 South. 567. The special continuance of the motion indicated was sufficient to carry that motion to a date to be fixed in January for its hearing. Mt. Vernon Woodbury Mills v. Judges, supra. The respective counsel have so considered in their arguments that such was the effect of the continuance of date of November 1, 1920. On January 26, 1921, defendant sought to amend its original motion by the addition of new matter amounting to a material departure from the original motion. Plaintiff's motion to strike was directed merely to defendant's motion as amended. In support of its motions—"as originally made and as amended" —defendant offered in evidence the file in said cause. It is recited that, after the hearing and argument of counsel for the parties on each side, "said motion as originally made and as amended" was overruled on January 26, 1921, to which action of the court defendant duly excepted and appealed as indicated. From the action of the court in overruling his motion for a new trial (Gen. Acts 1915, p. 722), defendant perfected his appeal on February 5th, and presented his bill of ex-

1 207 Ala. 604.

1 207 Ala. 604.

ceptions to the judge presiding, etc., on April 15th, who signed the same on June 23, 1921.

[4, 5] This bill of exceptions will be looked to as pertaining to matters contained in the respective motions for a new trial, for reasons we will now state. Massey v. Pentecost, 206 Ala. 411, 90 South. 866, 868; Pippin v. Perry, 206 Ala. 582, 91 South. 307; Code 1907, §§ 3019, 3020. The sole grounds of the original motion were that it had "a meritorious defense" to the suit, and "its failure to appear for trial on said date (July 27, 1920) was not by reason of willful neglect, but was occasioned by a misunderstanding on the part of its attorneys, in that said attorneys were under the impression and belief that said cause would not be set or called for trial in said court until during the month of October, 1920. * * *" When considering defendant's motion, of date of August 18, 1920, to set aside the original judgment rendered July 27, 1920, it will be noted that the record and bill of exceptions show that plaintiff withdrew counts 1 and 3 (defendant having filed no pleas), and the judgment entry recites that on July 27, 1920, "defendant and its counsel, being called, failed to appear and answer in this cause; thereupon came a jury of good and lawful men, to wit, J. E. Webb and eleven others, who, being duly impaneled, sworn, and charged according to law, upon their oaths say: 'We, the jury, find the issues in favor of the plaintiffs and assess their damages at seventeen hundred seventy-five and 62/100 dollars.' It is therefore ordered and adjudged by the court that the plaintiffs have and recover of the defendant the said sum of seventeen hundred seventy-five and 62/100 dollars, the damages so assessed by the jury, together with all costs in this behalf expended, for which let execution issue." The bill of exceptions recites that, in support of the motion as originally made and as amended, defendant offered in evidence the file in said cause, and it was admitted by attorneys for plaintiffs that at the time of rendition of the judgment in the cause no pleas were on file. Thus is shown that no evidence was offered in support of the grounds contained in the original motion —of the meritorious defense to the suit or the nature and extent of any agreement of counsel that was pertinent, or that misled opposing counsel as to when the trial on the merits was to be had. The trial court cannot be put in error in exercising a sound discretion (Robinson v. Newton Groc. Co., 200 Ala. 528, 76 South. 854; Sparks v. Reeves, 165 Ala. 352, 51 South. 574; Ex parte Parker, 172 Ala. 136, 54 South. 572; Ex parte Doak, 188 Ala. 406, 66 South. 64; Allen v. Lathrop-Hatton Lbr. Co., 90 Ala. 490, 8 South. 129) in overruling said original motion for a new trial (Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 South. 97; Eminent Household, etc., v. Lockerd, 202 Ala. 330, 80 South. 412).

[6] Appellant insists that its motion was supported by the record, the nature of the judgment entry, and the foregoing admission of record of counsel; that its sufficiency is challenged by its appeal from the overruling of its original motion. The insistence of appellant is that a judgment cannot be properly rendered against a defendant as upon issue joined, where there was in fact no issue between the parties in the cause, citing Woods' Adm'r v. Woods, Minor, 45; Robinson v. Newton Groc. Co., supra; and that a default judgment cannot be rendered where the defendant has appeared and demurred, Acts 1915, p. 825; Ex parte Haynes, 140 Ala. 196, 37 South. 286. We do not find in these decisions and statute anything that would lead to a reversal. In Garnett v. Scott (Ala. Sup.) 92 South. 408,[2] the suit was for damages for conversion, and not founded on "an instrument in writing or verified account ascertaining the plaintiff's demand (Code, §§ 3970, 3971, 5325, 5356)," and the difference between judgments by default and nihil dicit was adverted to. There defendant had interposed a plea to the count in trover, denying the conversion and liability therefor or extent thereof: held, that it was erroneous to disregard the plea and enter a judgment for damages by default, without evidence establishing the existence and extent of plaintiff's averred claim and damage.

Such is not the case here. Count 2 of the complaint, on which the trial was had, was analogous to the requirements of Code form No. 13, § 5382 (Prudential Cas. Co. v. Kerr, supra; Royal Exchange Ass'n v. Almon, 202 Ala. 374, 80 South. 456), and declared for the value of a gin house and other property which defendant on February 4, 1918, insured against loss or injury by fire for the term of one year, and agreed to renew and continue the policy of insurance in force from February 4, 1919, to February 4, 1920, and to issue a new and additional policy of insurance covering the term from February 4, 1920, and to continue said insurance in force, which agreement of renewal was averred to have been breached by the defendant, in that it failed to issue the renewal policy of insurance according to its said agreement; and said gin house and other properties were wholly destroyed by fire on February 22, 1919, of which defendant has had notice. There was a demand by plaintiff for a jury trial. The other proceedings disclosed by the record and the bill of exceptions show an actual trial, introduction of evidence, submission of the issue of liability or nonliability under the complaint, and a submission thereof by the court charging the jury. A verdict was rendered for plaintiffs.

If we may look to the record proper and bill of exceptions in support of defendant's motion to set aside the judgment on grounds

---

[2] 207 Ala. 263.

stated in the original motion, it in no wise establishes the ground on which the same is predicated, since it shows no more than that a judgment (in the nature of nihil dicit was rendered, and a writ of inquiry), and trial was had under plaintiffs' written demand for a jury to ascertain defendant's liability and the extent thereof. It is true that the judgment entry does not indicate that a formal judgment nihil dicit was taken; yet the demurrer to the complaint, while not amounting to a plea to the merits (Street v. Browning, 205 Ala. 110, 87 South. 527), was a general appearance that would authorize the calling of defendant and counsel at the trial, and, on failure to answer, to take judgment or proceed to an execution of a writ or trial for the ascertainment of the fact of and extent of liability. No other ascertainment could have been accomplished by a judgment nihil dicit with a writ of inquiry.

[7] As we have indicated, plaintiff had demanded a jury trial by indorsement on the complaint, and, that pleading being served on the defendant, plaintiff could not thereafter waive a trial by jury without the knowledge or consent of defendant. Gen. Acts 1915, p. 940; Prudential Cas. Co. v. Kerr, supra; Ex parte Florida N. & T. Co., 201 Ala. 97, 77 South. 391; Hartford Co. v. Bannister, 201 Ala. 681, 79 South. 253. Such a trial was had, and no intervening reversible error is shown by the record or by the bill of exceptions.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.