[Merchants' Laclede Bank of St. Louis, Mo. v. Troy Grocery.]

That the words employed in the mortgage were sufficient to assign the rent and did so operate, we entertain no doubt. When the assignment of the rent was effectuated, Agee was the landlord and he alone had a lien upon the cotton, and when he took possession of it, if the jury should find that he did, he became the absolute owner of it and could, of course, convey the legal title to it to Bennett.

It is of no consequence that the mortgage was never recorded. An assignment by a landlord of his claim for rent is not required to be recorded. For the purpose of showing Agee's right and title to the cotton, the claimant should have been allowed to introduce the mortgage in evidence. Its exclusion was error for which the judgment must be reversed.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concurring.

# Merchants' Laclede Bank of St. Louis, Mo., *v.* Troy Grocery.

## *Attachment.*

[DECIDED Nov. 23, 1905, 39 So. REP. 476.]

1. *Courts; Decisions of Federal Court; Authority.*—The construction placed upon a federal statute by the United States Supreme Court is binding upon the state court.

2. *Banks; National; Actions Against; Jurisdiction.*—Under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), providing that no attachment shall issue against a National Bank until after final judgment in any suit in any state court, the state court has no jurisdiction to issue any attachment against a national bank or its property until after final judgment; and jurisdiction cannot be acquired by consent of counsel for parties; and the want of it cannot be waived by any adjudications.

APPEALED from Pike Circuit Court.
Heard before Hon. H. A. PEARCE.

[Merchants' Laclede Bank of St. Louis, Mo. v. Troy Grocery.]

This was an action by the Troy Grocery Co., against the appellant National Bank to recover $45.00. It was begun by attachment in a justice court and levied upon a certain lot of oats. The defendant appeared by counsel and filed several pleas in answer to the complaint filed in the justice court. There was judgment for plaintiff in the justice court, and an appeal was taken to the circuit court for which bond was executed by the appellant bank conditioned and payable as required by law. When the case came up for trial in the circuit court, and after appellant bank had filed its pleas, it made a motion to dissolve said attachment, dismiss the levy and hold the attachment and levy null and void, setting out the United States statute prohibiting the issuance and levy of attachment against the National Bank or its property by a state court until after final judgment against the bank. The court overruled the motion and judgment was rendered for the plaintiff from which this appeal is taken.

L. D. GARDNER and A. C. WORTHEY, for appellant. Under the United States revised statute motion to quash the attachment and declare the levy and attachment void, should have been granted, citing :—U. S. Rev. St. § 5242; 5 "Cyc." 600; *Pa. Nat. Bank of Boston v. Mixter,* 124 U. S. Rep. 721; *Garner v. Sec. Nat. Bank of Providence,* 66 Fed. Rep. 369; Am. and Eng. Ency. Law (2nd Ed.) Vol. 21, p. 398 with note 1 and authorities cited in note 1 on p. 398. That § 5242 Rev. St. U. S. was not repealed by the later act of July 12, 1882, citing :—*Freeman Mfg. Co. v. Nat. Bank of Republic,* 160 Mass. 398; *Raynor v. Pa. Nat. Bank,* 67 N. Y. App. Div. 75; Am. and Eng. Ency. of Law (2nd Ed.) Vol. 21, p. 399, note 11.

FOSTER, SAMFORD and CARROLL, for appellee.—The unconditional appearance made was a waiver of the right to make the motion, as it was merely a matter of abatement of the proceeding, citing :—*Karthouse v. N. C. & St. L. R. R. Co.,* 37 So. Rep. 268; *Hawkins v. Armour,* 105 Ala. 545; *Vaughn v. Robinson,* 22 Ala. 519. The exemptions in favor of a national bank from attachment may be waived and is waived by an unconditional ap-

pearance and pleading, citing:—21 Am. & Eng. Encl. of Law, 2nd Ed. 399; *Norris v. Merchants Nat. Bank,* 30 Ill. App. 54.

HARALSON, J.—Section 5242, Revised Statutes of the U. S., among other things provides, "No attachment, injunction or execution, shall be issued against such association (national banks) or its property before final judgment in any suit, action or proceeding, in any state, county or municipal court."

Whatever opinion a state court might entertain as to a correct construction of this provision of the statute of the United States, is immaterial, since these courts are bound by the construction placed upon the act by the supreme court of the United States. That court, in the case of *Pacific N. Bank v. Mixter,* 124 U. S. 721, has plainly and pointedly constructed the act to be "a prohibition upon all attachments against national banks under the authority of the state courts."

Chief Justice WAITE, delivering the opinion for the court says: "It stands now, as it did originally, as the permanent law of the land, that attachments shall not issue from state courts against national banks, and writes into all state attachment laws an exception in favor of national banks. Since the act of 1873 all the attachment laws of the state must be read as if they contain a provision in express terms that they were not to apply to suits against a national bank. * * * * In our opinion the effect of the act of Congress is to deny the state remedy altogether so far as suits against national banks are concerned, and in this way it operates as well on the courts of the United States as on those of the states. Although the provision was evidently made to secure equality among the general creditors in the division of the proceeds of the property of an insolvent bank, its operation is by no means confined to cases of actual or contemplated insolvency. The remedy is taken away altogether and cannot be used under any circumstances."

So it is held, that the state courts is without jurisdiction to entertain such a case. Jurisdiction cannot be conferred even by consent of the parties, and the want of

it cannot be waived by any adjudications. In either case the judgment of the court would be a nullity and the attachment set aside and declared void.—*Karthaus v. N. C. & St. L. Ry.,* 37 So. Rep. 268; *Rosenheimer v. S. N. Bank,* 46 S. W. Rep. 1026; *Garner v. S. N. Bank,* 66 Federal Reports, 369; 5 Cyc. 600, and authorities there cited.

We have been referred to the case of *Norris v. M. N. Bank,* 30 Ill. App. 34, which holds that this prohibition of the Federal Statute against the issuance of the attachment in a state court against a national bank before final judgment, is a personal privilege which may be waived by appearance of the defendant. But it is contrary to the weight of authority, and cannot be followed.

The court erred in refusing to dissolve the attachment. The grounds stated in the motion therefor were admitted on its trial to be true. It is unnecessary to consider any other question raised in the record.

Reversed and remanded.

DOWDELL, ANDERSON and DENSON, JJ., concurring.