# Merchants' Laclede Nat. Bank *v.* Troy Grocery Co.

## *Assumpsit.*

(Decided March 2, 1907. 43 So. Rep. 208.)

1. *Appearance; General Appearance; Waiver of Process; Jurisdiction.*—Where the suit was begun by attachment and after attachment dissolved the defendant pleaded to the merits of the cause the court acquired jurisdiction of the parties under Section 562, Code 1896, notwithstanding the provision of section 5242, Rev. Statutes United States.

[Merchants' Laclede Nat. Bank v. Troy Grocery Co.]

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Troy Grocery Company against the Merchants' Laclede National Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

This action was commenced by attachment and affidavit in a justice court. The defendant, the national bank, made an appearance, and the justice notified plaintiff, who thereupon executed bond, as required. The Troy Grocery Company then filed its complaint, and the defendant bank demurred thereto, and demurrers were overruled, and judgment rendered against the bank. An appeal was prosecuted from the judgment of the justice court to the circuit court, whereupon defendant moved to quash the attachment and to stay all the proceedings. The circuit court denied the motion, and on appeal this court reversed the cause and ordered the attachment dismissed. The cause being remanded, the court, proceeding to try the cause, had before it the complaint already filed and the appearance of the defendant bank. Thereupon the defendant filed a plea to the jurisdiction of the court as follows: "That the defendant herein is a national bank, organized under the national bank act for the purpose of doing a banking business, and is domiciled and has its principal place of business in the city of St. Louis, State of Missouri; that this suit was begun against said national bank by the plaintiff suing out a writ of attachment before R. L. McLure, a justice of the peace in and for Pike county, Ala., and which writ was issued and levied upon certain property described in the sheriff's return as the property of this defendant, and before final judgment was rendered against this defendant in said court; and that no personal servicee, by summons and complaint or otherwise, has been issued or served upon them. The defendant alleges that the issuance of said attachment and all proceedings thereunder are illegal and void, for that section 5242, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3517), among other things, provides: 'No attachment, injunction or execution shall be issued against such association (national

9 R

bank) or its property before final judgment in any suit, action or proceedings in any state, county or municipal court.' Wherefore," etc. To this plea plaintiff filed a replication, setting forth the facts stated above as to the origin of the suit and the appearance unconditionally by attorney of defendant. Demurrers were interposed, raising the question of validity of the former proceedings, which were overruled. Proof was made of the facts alleged in the replication, and there was judgment for plaintiff.

L. D. GARDNER, and A. C. WORTHY, for appellant.— The attachment proceedings in the justice court were void.—*M. L. National Bank v. Troy Grocery Co.,* 39 South. 476. The appearance in each instance being special, the appeal from the justice to the circuit court did not give the circuit court jurisdiction.—98 U. S. 476; 102 U. S. 202; 1 Cyc. 525. The replevy bond given by the bank void and of no effect.—*Pacific National Bank v. Mixter,* 124 U. S. 721. Not having acquired jurisdiction of the property the court could not acquire jurisdiction of the person under, the proceedings here instituted.—*L. & N. R. R. Co. v. Dooley,* 78 Ala. 525; *A. G. S. Ry. Co. v. Chumley,* 92 Ala. 317; *L. & N. R. R. Co. v. Nash,* 118 Ala. 477.

FOSTER, SAMFORD & CARROLL, for appellee.—If defendant appears and pleads the cause proceeds as is in suits commenced by summons and complaint.—Section 562, Code 1896; 4 Cyc. 807; *Rosenburg v. Claflin,* 95 Ala. 252. When the plea to the jurisdiction does not relate to the jurisdiction of the court over the subject matter of the plea, the court is without power to permit a plea to the jurisdiction to be filed and sustained after a plea in bar had been filed.—*Karthouse v. St. Louis,* 37 South. 268; *Hawkins v. Armour,* 105 Ala. 545. A statutory appeal is an appearance.—*Roach v. Privett,* 90 Ala. 394.

ANDERSON, J.—This suit was commenced by an attachment in the justice court, and the record shows that the plaintiff lodged with the justice a complaint.

[Merchants' Laclede Nat. Bank v. Troy Grocery Co.]

to which the defendant demurred, and after the demurrer was overruled, interposed a plea to the merits. Section 562 of the Code of 1896 provides: "If the defendant appears and pleads, the cause proceeds as in suits commenced by summons and complaint; if he fails to appear," etc. A general appearance dispenses with the necessity of a formal notice, and a waiver of any previous irregularity in the service of process.—*Rosenberg v. Chaflin*, 95 Ala. 252, 10 South. 521; *Lamply v. Beavers*, 25 Ala. 534; *Moore v. Easley*, 18 Ala. 619; *Peebles v. Weir*, 60 Ala. 413. The unconditional appearance of the defendant gave the court jurisdiction of the person and of the subject-matter of the complaint, and over which the court under the law could exercise jurisdiction, notwithstanding it had no jurisdiction as to the attachment. After the attachment was dissolved, the defendants having pleaded to the merits of the complaint, the suit stood as if there had been no attachment, and was but a suit upon the complaint; the necessity of a summons being dispensed with by virtue of defendant's plea.

When this case was here before (*Merchants' Bank v. Troy Grocery Co.*, 144 Ala. 605, 39 South. 476), it appears to have been upon the refusal of the trial court to dissolve the attachment. It was then held that in so much as the attachment was issued before final judgment, its issuance was violative of the federal statute and authorities, and was void; that inasmuch as it was violative of the federal statute, and void, the state court had no jurisdiction and that jurisdiction could not be conferred by appearance of the defendant whether general or special, and to this proposition we strictly adhere. We do not understand the court to hold, however, that the plaintiff could not maintain a suit on the complaint, or that the defendant could not confer jurisdiction by appearing and pleading to the complaint. Jurisdiction of attachment and of a suit upon a complaint is quite distinct; but inasmuch as the attachment was dissolved and dismissed, the defendant having answered the complaint and submitted to the jurisdiction of the court in that respect, which it had the

right to do, the court below had the right to proceed as if there had never been any attachment.

There was no error in refusing the defendant's motion to dismiss the case, and, as the plaintiff's replication was a good answer to defendant's plea to the jurisdiction, and was proven, the trial court did not err in rendering judgment nil dicit for plaintiff, defendant having declined to plead further. The other assignment of error is not insisted upon in appellant's brief. The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.