(105 So. 689)

**KYSER v. AMERICAN SURETY CO. OF NEW YORK. (2 Div. 872.)**

(Supreme Court of Alabama. June 27, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Appeal and error ⟨key⟩874(4)—Errors based on interlocutory decree cannot be assigned on appeal from subsequent interlocutory decree.**

Errors based on interlocutory decree, overruling grounds of demurrer, which is appealable under Code 1923, § 6079, cannot be assigned as error on appeal from subsequent interlocutory decree rendered after time for appeal from former decree had expired.

**2. Venue ⟨key⟩17—That bill is filed in county in which no material defendant resides is available by demurrer to defendant residing in another county.**

That bill is filed in county in which no material defendant resides, where the defect is apparent on the face of the bill, is available by demurrer to defendant residing in another county.

**3. Appearance ⟨key⟩9(4) — Filing of demurrer constitutes general "appearance," unless appearance is based solely on ground of lack of jurisdiction of person.**

Filing of demurrer constitutes general appearance, unless appearance is based solely on ground of lack of jurisdiction of person; an

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appearance being a submission to the jurisdiction of the court, in obedience or answer to process.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appearance.]

**4. Appearance ⟨⟩9(4)—Demurrer to bill of complaint held general "appearance."**

A general demurrer to a bill of complaint attacking bill in three particulars, but not on grounds that it showed on its face that a codefendant residing in certain county was an immaterial defendant, and that the court of such county had no jurisdiction of the person of demurring defendant residing in another county, *held* to constitute a general "appearance."

**5. Appearance ⟨⟩19(1) — Unconditional appearance of defendant to cause in court gives such court jurisdiction of person of defendant so appearing.**

Unconditional appearance of defendant to cause in court gives such court jurisdiction of person of defendant so appearing.

**6. Equity ⟨⟩231—Demurrer to bill of complaint on ground it lacked equity held not to raise question of jurisdiction of court over person of defendant.**

Demurrer to bill of complaint on ground it lacked equity *held* not to raise question of jurisdiction of court over person of defendant, in view of Code 1923, § 6553.

**7. Courts ⟨⟩37(2)—Respondent held to have waived right to object to jurisdiction of circuit court over his person.**

Respondent *held* to have waived right to object to jurisdiction of circuit court over his person by failure to interpose such objection within the time provided by Code 1923, §§ 6079, 6667.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Bill in equity by the American Surety Company of New York against James K. Kyser. From a decree on demurrer, respondent appeals. Affirmed.

Hybart & Hare, of Monroeville, for appellant.

The bill is without equity; it shows on its face that the court had no jurisdiction of the person of defendant. Code 1923, §§ 6524, 7415, 8711, 10467–10475; Thompson v. Union Springs, 202 Ala. 327, 80 So. 409; Pucket v. Pucket, 174 Ala. 315, 56 So. 585; Lewis v. Elrod, 38 Ala. 17; Riles v. Coston, 208 Ala. 508, 95 So. 43; Crawford v. Walter, 202 Ala. 235, 80 So. 73. Filing general demurrer did not preclude respondent from thereafter raising the point of jurisdiction by special demurrer, a demurrer, though consisting of several grounds, filed at different times, is but one step in the proceeding, and the demurrer brings into question the right of complainant to maintain the suit. 21 R. C. L. 405; Tigrett v. Taylor, 180 Ala. 304, 60 So. 858; Code 1923, § 6547.

Stuart Mackenzie, of Montgomery, for appellee.

The court is without jurisdiction to entertain the assignments of error directed to the decree of November 1, 1924, because no appeal was taken therefrom. Code 1923, § 6079; Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723; Bickley v. Hays, 183 Ala. 506, 62 So. 767; Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Snider v. Funderburk, 209 Ala. 663, 96 So. 928. The general demurrer constituted a general appearance and a waiver of the question of venue. Code 1923, §§ 6524, 6553; 2 R. C. L. 327; 4 C. J. 1337; White v. White, 206 Ala. 232, 89 So. 579; Branch Bank v. Rutledge, 13 Ala. 196; Woolf v. Mc-Gaugh, 175 Ala. 299, 57 So. 754.

MILLER, J. This is a bill in equity by the American Surety Company filed in the circuit court of Dallas county against James K. Kyser, a resident citizen of Monroe county, and R. L. Kenan, a resident citizen of Dallas county. Kenan demurred to the bill because it seeks no relief against him. His demurrer was sustained by the trial court on November 1, 1924, and no appeal was taken from the decree.

The defendant, Kyser, on September 18, 1924, demurred to the bill because: (1) There is no equity in the bill; (2) the facts alleged in said bill do not show any necessity for an accounting, and it does not appear from the allegations of the bill that the complainant could not ascertain any outstanding indebtedness covered by the bond otherwise than by resort to a court of equity, and (3) the allegations of the bill do not make out a case for specific performance. The court by decree on November 1, 1924, overruled the first and third grounds of this demurrer, and sustained the second ground of demurrer, and allowed the complainant 30 days thereafter to amend the bill. The complainant did not amend the bill, and no appeal was taken from that decree to this court.

Kyser on January 15, 1925, filed six additional grounds of demurrer to the bill. They are that the bill on its face shows that the circuit court of Dallas county, in equity, has no jurisdiction of the person of either defendant; that Kenan is not a material defendant, and that Kyser resides in Monroe county; and that the bill shows it is not filed in the county of the residence of a material defendant, as required by section 6524 of the Code of 1923. These demurrers of Kyser were by decree of the court overruled on March 5, 1925; and Kyser, on March 13, 1925, appealed from that decree within the time and by giving security for costs of the appeal

as the statutes permit. Sections 6079 and 6101, Code 1923.

[1] The appellant, Kyser, assigns as error the decree of the court dated November 1, 1924, overruling the grounds of demurrer that there is no equity in the bill, and holding there was equity in the bill. The appellee moves to strike all assignments of error based on that decree of November 1, 1924. This decree, rendered November 1, 1924, was interlocutory in its nature and character. The appellant could have appealed from it within 30 days after it was rendered. Section 6079, Code 1923. This he failed to do. Under the statute he can assign it as error on appeal taken on final determination of the cause; but this appeal is not from a final decree on determination of the cause. This appeal is from an interlocutory decree rendered March 13, 1925, overruling demurrers to the bill. Section 6079, Code 1923. Errors based on the interlocutory decree rendered on November 1, 1924, cannot be assigned on appeal from an interlocutory decree rendered March 5, 1925; and the motion to strike the assignments of error bearing on the interlocutory decree of November 1, 1924, must be granted. No appeal was taken from that decree. An appeal on it is barred. Section 6079, Code 1923; Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723; Burgin v. Sugg, 210 Ala. 142, headnotes 3, 4, 97 So. 216; Kimbrell v. Rogers, 90 Ala. 339, 346, 7 So. 241, last paragraph of opinion.

In Foley v. Leva, 101 Ala. 399, 13 So. 747, the court wrote:

"No assignments of error can be made upon a decree which does not support an appeal, or upon one which is barred."

In Branch Bank v. Rutledge, 13 Ala. 196, this court said:

"The bank must be considered as having waived the objection which it now for the first time makes. The chancery court had jurisdiction of the subject-matter of the complaint, but merely exercised it in the wrong county. This was a matter which the court was not bound mero motu to notice, and which the defendant below could waive, and did waive, by failing to raise the objection in that court."

The foregoing was quoted with approval in White v. White, 206 Ala. 231, 89 So. 579, and it was there declared that the rule is the same in law and in equity, and cited Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

[2] When a bill is filed in a county in which no material defendant resides, and this defect is apparent on the face of the bill, the defect is available by demurrer to the defendant residing in another county. Lewis v. Elrod, 38 Ala. 17; Riles v. Coston-Riles, 208 Ala. 508, headnote 6, 95 So. 43.

[3-5] In 2 R. C. L. 327, we find the following general text:

"Where a defendant intends to rely on a want of jurisdiction over his person, he must appear, if at all, for sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general."

And the general rule is thus stated in 4 Corpus Juris, 1337, headnote 64:

"The filing of a demurrer, unless based solely on the ground of lack of jurisdiction of the person, constitutes a general appearance."

[6] The demurrer, filed September 18, 1924, by this defendant, to the bill of complaint was a general appearance. Liverpool, etc., Co. v. Lowe, 208 Ala. 12, headnote 6, 93 So. 765; Ex parte Henderson, 84 Ala. 36, headnote 3, 4 So. 284. It did not object to the bill, because it showed on its face that the defendant, residing in Dallas county, was an immaterial defendant, and the circuit court of Dallas county had no jurisdiction on the face of the bill of the person of the other defendant, Kyser, who resides in Monroe county. There were three grounds of demurrer, and they are hereinbefore set out in full. "An appearance is a submission to the jurisdiction of the court, in obedience, or in answer to process." Grigg v. Gilmer, 54 Ala. 425, 430. An unconditional appearance of a defendant to a cause in court gives the court jurisdiction of the person of the defendant so appearing. Merchants' Bk. v. Troy, etc., Co., 150 Ala. 128, 43 So. 208. The appellant, Kyser, insists the venue of the person of the defendant was raised by the ground of the demurrer which states "there is no equity in the bill." But the statute does not support him in this contention. Section 6553, Code 1923. This section declares a demurrer to the bill must set forth the grounds of demurrer specially, unless the defendant desires to test the equity of the bill, when he may do this by a general demurrer that the demurrer is general, and simply tests the equity of the bill and not the jurisdiction of the court of the person of the defendant. Section 6553, Code 1923, and authorities there cited.

[7] Parties by consent cannot confer on courts jurisdiction of the subject-matter. It is given to the courts by law. When the court has jurisdiction by statute of the subject-matter, the court may have jurisdiction conferred on it of the persons involved by their submitting themselves to the court. This rule was approved in Woolf v. McGaugh, 175 Ala. 307, 57 So. 757:

"It may be stated as a general rule that the bringing of an action in an improper county is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter, and the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived by a failure to claim it in a proper manner and at the proper time."

The court further stated in the McGaugh Case:

"It has often been held by this court that the statutory provisions fixing the local jurisdictions in both law and equity courts might be waived by a failure to make timely objection."

This bill was filed on August 19, 1924, in the circuit court, in equity, of Dallas county. There were two defendants, Kenan and Kyser; the former resided in Dallas county, and the latter in Monroe county. Each separately demurred to the bill. This appellant filed his three grounds of demurrer, as hereinbefore stated, to the bill on September 18, 1924. The court by decree on the demurrers, dated November 1, 1924, held Kenan was neither a necessary nor proper party defendant; that there was equity in the bill; and sustained one, and overruled two grounds of demurrer of appellant to the bill. By these demurrers this appellant did not specially or generally challenge the jurisdiction of the court of his person, because the bill ·on its face showed no material defendant resided in Dallas county; but filed a general demurrer to the bill, and appeared thereby generally in the cause. Authorities supra. Court adjourned by operation of law on the last Saturday before Christmas Day of 1924. And this defendant had then made no objection to the court's jurisdiction of his person. Court opened again on the first Monday in January, 1925. Section 6667, Code 1923. But this appellant, did not object to the court's jurisdiction of his person until January 15, 1925, when he raised it for the first time by filing six additional grounds of demurrer to the bill of complaint. They came too late. This was more than 4 months after the general demurrer with its three general grounds was filed to the bill of complaint, by which he appeared generally in the cause. This was 2 months and 15 days after a decree of the court on November 1, 1924, on his demurrers filed September 18, 1924. During this time the court had adjourned by operation of law. There had been no change in the averments of the bill of complaint. The bill was the same as originally filed, so by these acts of this appellant in the trial court we must and do hold he thereby waived his right to object to the jurisdiction of this circuit court of his person in this cause. Woolf v. McGaugh, 175 Ala. 307, 57 So. 754, and authorities supra.

The decree of the trial court, rendered March 5, 1925, overruling the grounds of demurrer of appellant filed January 15, 1925, to the bill of complaint, is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.