140 So. 439

**THOMPSON v. WILSON.**

**6 Div. 889.**

Supreme Court of Alabama.
March 10, 1932.

London, Yancey & Brower, of Birmingham, for appellant.

300

ciency decree. Merrell v. Witherby, 120 Ala. 418, 23 So. 994, 26 So. 974, 74 Am. St. Rep. 39; Cudd v. Wood, 205 Ala. 682, 89 So. 52; section 6652 of the Code of 1923.

Whether the complainant could get a personal decree against the respondent for the deficiency in the absence of personal service or for relief at all against a nonresident respondent in the absence of personal service or an appearance, we need not decide, as the record, while failing to show personal service, does disclose an appearance and which was not limited to the jurisdiction of the respondent's person.

■■ If there was a general appearance made in this case, the lower court had jurisdiction of the person of the appellant. Merchants' Laclede Nat. Bank v. Troy Grocery Co., 150 Ala. 128, 43 So. 208; Kyser v. American Surety Co. of N. Y., 213 Ala. 614, 105 So. 689.

■■ The filing of a demurrer, unless based solely on the ground of lack of jurisdiction of the person, constitutes a general appearance. 4 C. J. 1337; Ex parte Henderson, 84 Ala. 36, 4 So. 284; Liverpool & London & Globe Insurance Co. v. Lowe, 208 Ala. 12, 93 So. 765; Kyser v. American Surety Co. of N. Y., 213 Ala. 614, 105 So. 689. "Where a defendant intends to rely on a want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general." 2 R. C. L. 327. Here, the first ground of demurrer went to the jurisdiction of the court to hear and determine the matter in controversy, not because the respondent had no personal service, but because the parties resided outside of Jefferson county. The matter in controversy was the enforcement of a vendor's lien and of which the Jefferson county court had jurisdiction, and the prayer for a deficiency decree was but an incident to the main matter in controversy. Nor does the second ground of demurrer question personal service on the respondent, but questions the right to a personal decree for deficiency. As above stated, when the Jefferson court acquired jurisdiction of the subject-matter it had the right to render a decree for the deficiency as an incident to the enforcement of the vendor's lien if the respondent was before the court either by personal service or general appearance and notwithstanding he was not a resident of Jefferson county.

The trial court did not err in overruling the respondent's demurrers to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

ANDERSON, C. J.

■■ This being a bill in equity to enforce a vendor's lien for the purchase price of land is governed by section 6524 of the Code of 1923, and not section 10467 as suggested in brief of appellant's counsel. Section 6524, in directing the county in which bills in equity may be filed, among other things says, "or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated." The bill was therefore properly filed in Jefferson county. Reeves v. Brown, 103 Ala. 537, 15 So. 824, Clark v. Smith, 191 Ala. 166, 67 So. 1000. The law is well settled in this state authorizing a vendor, in suing to enforce an equitable lien for the unpaid purchase price of land, to include a prayer in his bill asking for a defi-