19 So.2d 841

**STATE ex rel. KRASNER et al. v. ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD.**

6 Div. 251.

Supreme Court of Alabama.

Nov. 24, 1944.

Rehearing Denied Dec. 14, 1944.

---

[1] Ante, p. 1

J. C. Johnson, of Oneonta, for appellants.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellees.

GARDNER, Chief Justice.

Appellants, David and Irving Krasner, had been engaged in business in the town of Warrior, Alabama, operating what was known as "The Tavern." A license for the sale of beer and ale had been duly issued to them for the years 1942 and 1943. Their application for renewal of the license for the year 1944 was refused by the Alabama Alcoholic Beverage Control Board (commonly known as the ABC Board), and the Krasners duly filed their petition in the Circuit Court of Jefferson County seeking a writ of mandamus to require the Board to renew their license for the year 1944. The cause being considered upon the petition, answer, and oral proof before the court, a judgment was rendered denying the relief sought and dismissing the petition, from which judgment this appeal was prosecuted.

The case was determined in the court below, as stated by the trial judge, and argued by the Attorney General representing the Board, upon the theory that Sec. 30, Title 29, Code of 1940, is not of a mandatory character, and still leaves in the Board a wide discretion as to whether or not a license shall be renewed, although no objections to its renewal have been filed, of which the applicants have been notified, with an opportunity to be heard. That no objections were so filed in the instant case, and no notice with opportunity to be heard given, appears undisputedly. The Attorney General in his brief thus states the matter here for determination: "The concrete question to be decided in this case is, Is it mandatory upon the Board to grant the application for renewal of a license to engage in the sale of intoxicating beverages where no objections have been filed as mentioned in Section 30, of Title 29, of the Code of Alabama of 1940?"

Much argument is indulged based upon the theory that licenses issued for the sale of intoxicating liquors or malt beverages have no qualities of a contract nor of property, but are merely temporary permits to do what would otherwise be an offense against the law; that such a license is a mere privilege to carry on a business subject to the will of the grantor, and is neither a property right nor a contract. Black on Intoxicating Liquors, § 117. State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294, 301; 30 Am.Jur. p. 320 et seq. These are well-recognized principles, with which, of course, we are in full accord.

In State ex rel. Crumpton v. Montgomery, supra, the opinion, after recognizing the foregoing principles, observed: "Being so, it may be a necessary consequence that rules of law, protective of vested rights, are without influence in respect of such a privilege." Further speaking of this privilege and the wide discretion left in the Board as to the issuance of the license, the Court was careful to observe the restriction: "* * * unless the law of the creation of the privilege and governing the selection of its beneficiaries brings him within its protection and should and does control the authority to which the selection is committed."

Counsel for the Board lays much stress upon the holding in Yielding v. Bland, 184 Ala. 62, 63 So. 961, in support of the contention that the members of the ABC Board have, as to the renewal of licenses, a wide discretion, which, under the evidence as presented in this record, could not be disturbed. The Yielding case dealt with the matter of renewal of license, but the language of the statute differed from that as found in Section 30 here in question. In that case the act directed that the members of the Excise Commission in renewing a license should give a preference to those to whom licenses had been issued the previous year. In construing this feature of the act the following language was used: "Indeed the preference particularly assured to the licensee for the previous year evinces an unmistakable, unequivocal purpose to leave with the commission the like discretion and the duty of choice, vested in excise commissions by that enactment, to commit the license to him, of two or more applicants, who, in the commission's opinion, was best suited to carry on the business, subject to the single qualification that preference should be accorded him who was a licensee for the previous year."

The word "preference," therefore, was the controlling and decisive factor in the construction of the act considered in the Yielding case. But the language in Section 30, supra, here considered, is entirely different. Indeed, we find no similarity between the two statutes. In Section 30, we find the concluding sentence as follows: "Unless, within one month of the date of filing of such application for renewal, the applicant shall have been notified by the board of objections to the granting thereof, filed by persons authorized so to do, upon the payment of the application fee and license fees as in the case of original application for license, the board shall issue such renewal of license."

It is argued that in the construction of this particular section we must look to the whole act. And counsel refers us to the broad powers of the Board as defined in Sections 2 and 5; and in Section 6 to the authority to make and amend rules necessary to carry out the purpose of the act; to the power of the Board to revoke licenses, as dealt with in Sections 18, 20, and 29; to the right of supervision over the conduct, management, and operation of the sale of malt or brewed beverages as found in Section 42; and to the prohibition in Section 28 of the issuance of a license to persons unless they be rep-

utable; and to the requirement of Section 27 that the application comply with the provisions set forth therein. And we may add here, it is clear enough the applications referred to in this latter section are those presented for the issuance of the original license, in which case the Board has a wide discretion and evidently only grants such license after thorough investigation, not only of the applicants, but of all the surrounding circumstances.

But to our minds, it is clear the law-making authorities, considering all the safeguards as to the original issuance of the license, and the thorough investigation of the applicants, and doubtless having some regard to the matter of the investment the applicant may have made in the operation of his business, intended by the language of Section 30 that a renewal of his license should be issued as a matter of course, unless within the specified time some objection had been filed to the granting thereof before the Board, with notice and opportunity to be heard. The argument for the Board overlooks, we think, the mandatory nature of the language of this section. It contemplates not only objections being filed with the Board, but notice to the applicant that he might be given a hearing. In the absence of such objection and notice, the statute expressly provides "the board shall issue such renewal of license."

The statute does not prescribe by whom such objections should be made, though it does state they should be filed by persons authorized so to do. In the absence, however, of any language to the contrary, we think it clear enough that objections could be filed before the Board by some agent of the Board, and is not limited to some citizen or third person wholly unconnected with the administration of the law.

But, however this may be, as we read the statute, it is plain and emphatic that unless objection is filed and notice given to the applicant, with an opportunity to be heard, the Board is to issue a renewal of the license. To hold otherwise would, in our opinion, do violence to the plain, express language of the law-making power. But, of course, upon objections being filed, with the hearing contemplated by Section 30, it is clear enough the Legislature intended the exercise by the Board of as wide a discretion in the matter of renewal as in the matter of original issu-

ance of license. But with that question we are not here concerned, as no objection was filed and, of consequence, no notice given.

We are of the opinion, therefore, that under the circumstances appearing in this record, the renewal of the license was but a ministerial duty of the Board; and no other adequate remedy appearing, mandamus is the appropriate remedy. Harlan v. State, 136 Ala. 150, 33 So. 858.

It, therefore, follows that the court below fell into error in denying relief to petitioners. Accordingly, the judgment is reversed and one here rendered granting the relief sought.

Reversed and rendered.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.