25 So.2d 30

**ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD et al. v. STATE ex rel. KRASNER et al.**

6 Div. 365.

Supreme Court of Alabama.

Dec. 20, 1945.

Rehearing Denied March 7, 1946.

See also 246 Ala. 198, 19 So.2d 841.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellants.

David W. Krasner and Irving N. Krasner, pro se.

470

THOMAS, Justice.

Petition for mandamus to Alabama Alcoholic Beverage Control Board and the members thereof to compel the issuance of license for 1945 to petitioners operating as The Krasner Company and The Tavern.

It is averred by appellees, in their petition filed in the circuit court, that they were denied due process of law, equal protection of the laws, and had not been served or given notice within the time provided by the statute. Code 1940, Tit. 29, § 30.

Petitioners and relators in the lower court offered testimony showing that no notice was received by them before December 1, 1944. The hearing was had in Montgomery on December 22, 1944. On hearing the petition, the court said:

"The Court: Well gentlemen, I believe that it might be pertinent if there is any proposition involved on the part of the petitioners that they waived any question of that sort, being a hearing down there and entering into the hearing. I don't know whether you contend that they were guilty of a waiver of the proposition or not.

"Mr. Harris: Yes, we will contend that, Judge. * * *."

The petition for mandamus shows: "That David W. and Irving N. Krasner were licensees of the Alabama Alcoholic Beverage Control Board for the years 1942, 1943 and 1944, with a license to sell and dispense malt or brewed beverages in 'The Tavern,' in Warrior, Alabama. That on the 31st day of October, 1944, the relators and petitioners herein, filed with the Alabama Alcoholic Beverage Control Board, in the general offices of said Board, * * * in the City of Montgomery, Alabama, an application for the renewal of their Malt or Brewed Beverage License for the year of 1945, on a form furnished by the respondent E. W. Gunn, the Administrator of said Board, properly verified, and delivered the same to the Administrator of said ABC Board.

"That on or about the 22nd day of December, 1944, the relators and petitioners tendered to the Administrator of the ABC Board and to the Board, Forty Dollars ($40.00) in currency of the United States, the prescribed fee and costs of such Malt or Brewed Beverage License.

"That on Saturday, January 6th, 1945, the relators and petitioners forwarded to the Alabama ABC Board, a United States Post Office Money-Order in the sum of Forty Dollars ($40.00), to cover the charges, fees and costs of a Malt and Brewed Beverage License for the year of 1945, and the same was returned, and the respondents, jointly and severally refuse and decline to issue said renewal of the relators' and petitioners' license for the year 1945.

"That under the provisions of the Alabama Alcoholic Beverage Control Act, and the statutes codified under Title 29, Chapter 1, Sections 1-78, Code of 1940, the relators and petitioners are entitled to a renewal of their malt or brewed beverage license for 1945. That the issuance of said license is mandatory under said law, and the respondents, jointly and severally, have acted and/or are acting contrary to and in violation of the said provisions of the ABC Act and the laws of the State of Alabama.

"That the acts and actions of the several respondents herein, in refusing, declining, denying, and deliberately failing and neglecting to issue said renewal of the license for the year of 1945, are harsh, punitive, unreasonable, discriminatory, arbitrary and capricious; the same being illegal, unlawful, improper and unconstitutional; and contrary to and in violation of the provisions of Title 29, Chapter 1, and the Constitution of Alabama, 1901, § 13 and the Constitution of the United States, Amend. 14, in that the relators and the petitioners are denied due process of law, equal protection of the laws, and that their legal and constitutional rights are being abridged and violated, and they are being denied and deprived of a property right. * * *.

"That the relators' and petitioners' business of a restaurant is a total and com-

plcte loss without the malt or brewed beverage liccnse for 1945, and the same represents an investment expended by reason of the said liccnse, and that the relators and petitioners cannot without the ABC Board malt or brewed beverage license for 1945 obtain from the wholesale beverage dealers malt or brewed beverages.

"That the said malt or brewcd beverage license for the year of 1945 should be issued immediately and forthwith to avoid any further loss and damage to the relators and petitioners. That the said Court should force, compel and coerce the respondents to comply with the provisions of the State Laws, and to discontinue any further discriminations and abuse towards the relators and petitioners, and that the respondents be compelled to adhere to the provisions of the Alabama ABC Act, the provisions of Title 29, Chapter 1, Sections 1–78, Code of 1940, and the mandate of the Supreme Court of Alabama. * * *."

Petitioners' Exhibit 1, a "plea in bar and/or plea of statute of limitations," filed with the ABC Board and the appellants on Dec. 22, 1944, was made a part of the evidence, further supporting the contentions of the appellees that they waived none of their rights under the law requiring that appellants seeking a renewal of an ABC license be given notice of objection to the granting of a renewal within one month of the date of the filing of the application for renewal on October 31, 1944, in Montgomery, at the ABC Offices.

The evidence further disclosed that on the hearing before appellants in the ABC Board's offices on Dec. 22, 1944, the appellees were never advised as to what objections were on file with the Board, or the persons who made the objections to the granting of the renewal of the malt or brewed beverage license for 1945.

Counsel for appcllant say that, "This case is rested as far as the appellants are concerned upon two theories: 1. That there was a waiver of process in that the petitioners appeared at the hearing on December 22, 1944, at the Alabama Beverage Control Board's office in Montgomery, Alabama, and, after filing a motion designed to test the jurisdiction of the Board, filed a demurrer in which the point as to jurisdiction of the Board was not raised, thereby making a general appearance. 2. That the Act here under consideration must be liberally construed in order to carry out the avowed purposes of the Act as expressed in Section 2, Title 29, Code of 1940. * *."

It is declared in the recent decision of Kyser v. American Surety Co. of New York, 213 Ala. 614, 105 So. 689, that the filing of a demurrer constitutes a general appearance unless appearance is based solely on the ground of lack of jurisdiction of person. Thompson v. Wilson, 224 Ala. 299, 140 So. 439; Ex parte Henderson, 84 Ala. 36, 4 So. 284; Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; 3 Am.Juris., p. 792, § 15; p. 801, § 30; p. 808, § 38.

It is established on recent authority that the constitutional guarantee of due process of law means notice and opportunity to be heard, and to defend, before a competent tribunal vested with jurisdiction of the subject-matter of the cause. 42 Am. Juris., p. 7, § 4; 12 Am.Juris. 267, Constitutional Law, §§ 573 et seq.

In Neptune Club's Liquor License Case, 124 Pa.Super. 549, 190 A. 156, it was held that: "Notice to applicant to appear at hearing on his application for renewal of his liquor license is not 'notice' required by statute providing for the renewal of license unless applicant is formally notified by liquor control board of objections to renewal of his license." This case was dealing with the statutes of the State of Pennsylvania, which are substantially like our statutes in this respect. Code 1940, Tit. 29, § 30; DeLucca's Liquor License Case, 124 Pa.Super. 500, 190 A. 195, 198. In the Pennsylvania case, the court held that a notice of hearing on application for renewal was not notice any objections had been filed.

In the instant case the written notice sought to be given called attention to the fact that objections were on file with the board to renewal of license, but such notice is not shown to have been served.

The Legislature in adopting the Alabama Alcoholic Beverage Control Act set forth its mandate in Tit. 29, § 2, subsection (a). It is said that the provisions of the chapter shall be liberally construed for the accomplishment of the purpose of the act. The enactment of the statute in question was for the protection of the public welfare, the health, peace and morals of the people of the state; and to insure that the "open saloon" would be closed forever. Section 30 does not provide for a hearing when objections are filed within the time,

472

but this court has recently construed this section and indicated by whom objections may be filed. The holding was further to the effect that were objections on file against issuance of renewal, the board may exercise wide discretion, and that the "renewal of license was but a ministerial duty of the Board; and no other adequate remedy appearing, mandamus is the appropriate remedy." State ex rel. Krasner et al. v. Alabama Alcoholic Beverage Control Board, 246 Ala. 198, 19 So.2d 841, 843; Code 1940, Tit. 29, § 30.

■ Counsel for the state urge that a reasonable construction of Section 30, Tit. 29, would require that objections should have been filed a few days earlier than November 30th, in order to give the board time to perfect service; and that since said objections were not filed a few days prior to Nov. 30th, that the Board is precluded from ruling on the application for renewal of license and objections thereto. Of this conclusion the appellees' counsel urge that this is an unwarranted conclusion that would defeat the evident purpose of the act. No reason has been advanced by appellees why due process of law, the guiding light in construing statutes meant more than notice and opportunity to be heard within a reasonable time after objection had been filed and notice given and received by all the parties entitled thereto.

The evidence before the trial court was taken ore tenus and discloses no evidence of purported objections were filed with the Board on Nov. 22, 1944, other than the letter of agent Horn, which he dictated to his wife at his home on the night of Nov. 27th of that year and mailed from Birmingham the following morning.

Appellees contend that taking notice of the ruling and the facts in the case of State ex rel. Krasner et al. v. Alabama Alcoholic Beverage Control Board, 246 Ala. 198, 19 So.2d 841, appellants admitted that there was no objection on file within the time required to the granting of a renewal of the 1944 license, and for that reason, of necessity, no notice of hearing was given.

There was expert testimony of the writings exhibited to the effect that there was a material change in the date of such exhibit, which was noted and commented upon by the presiding judge. It is unnecessary to discuss this testimony in detail. The presiding judge, hearing the testimony and seeing the writings exhibited, granted the peremptory writ of mandamus as prayed for by appellees, ordering appellants to issue the license for 1945 upon payment of all required filing and license fees.

We find no error in the order of the court granting the alternative writ of mandamus.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.
Application for rehearing overruled.
All the Justices concur.